THE VILLAGE OF NORTH SPRINGFIELD

*v.*

THE CITY OF SPRINGFIELD.

*Filed at Springfield January 15, 1892.*

MUNICIPAL CORPORATIONS—*annexation—election on different days in the different corporations.* An election to determine the question of the annexation of a village with an adjoining city, is not required by law to be held in both municipalities on the same day, but the same may be held on different days, if so fixed by the county court. So when the petition for the submission of the question of annexation was presented to the county judge on March 17, 1891, and the judge, three days later, ordered the election to be held on April 7, 1891, in the city, which was the day fixed by law for the city election, and on April 21, 1891, in the village, which was the day of its municipal election, and a majority of the votes in both the city and village was in favor of annexation, it was *held,* that the election was valid, and that the annexation of the village was legal.

APPEAL from the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding.

Messrs. CONKLING & GROUT, for the appellant.

Messrs. CONNOLLY & MATHER, and Mr. DAVIS McKEOWN, for the appellee.

Mr. JUSTICE BAKER delivered the opinion of the Court:

Section 1 of an act entitled "An act to provide for the annexation of cities, incorporated towns and villages, or parts of same, to cities, incorporated towns and villages," approved April 25, 1889, (Laws of 1889, p. 66,) in making provision for the manner in which an incorporated city, town or village may be annexed to an adjoining city, town or village, provides: "A petition shall be presented to the judge of the county court, * * * and thereupon said county judge shall cause to be submitted the question of annexation to the voters of the incorporated city, town or village sought to be annexed, and to the voters of the incorporated city, town or village to which it is sought to annex the same, at an election to be holden in each of said incorporated cities, towns and villages. Such question may be submitted at either a special election called for that purpose, or at any municipal election, or at any general election. Notice of the election hereby required shall be given, * * * and if it shall appear that a majority of the voters of each incorporated city, town or village so voting upon the question of annexation at such election vote for annexation, thereupon the jurisdiction of the incorporated city, village or town to which such other incorporated city, village or town is annexed, shall extend over said territory."

In this case, the petition asking that the question of annexation should be submitted was presented to the county judge on March 17, 1891, and on the following 20th of March the county judge entered an order "that the question of the annexation of the village of North Springfield to the city of Spring-

field be submitted to the legal voters of said village of North Springfield on Tuesday, the 21st day of April, 1891, at a municipal election to be held in said village on said day, and that said question of annexation be submitted to the legal voters of said city of Springfield on Tuesday, the 7th day of April, 1891, at the municipal election to be held in said city on said day." The day fixed by the order for the submission of the question to the voters of the village was the day fixed by law for the regular municipal election in said village, and the day fixed by the order for the submission of the question to the voters of the city was the day fixed by law for the regular municipal election in said city. A majority of the votes cast at the city election on the 7th day of April, and a majority of the votes cast at the village election on the 21st day of April, were in favor of annexation.

The only objection urged against the legality of the annexation proceedings arises out of the fact that the question of the annexation of the village to the city was submitted to the voters of the city at an election held one day, and to the voters of the village at an election held on another and different day. The contention is, that the expressions, "at an election," "the election," and other like expressions found in the act, indicate that there must be but one election for the submission of the question of annexation, and that if there is one election, only, then, though it is in different municipalities, it must be on one and the same day. It would seem that even if the village election had been on the day of the city election, yet there would necessarily have been two separate and distinct elections,—one for the purpose of ascertaining the will of a majority of the legal voters of the city, and the other for the purpose of ascertaining the will of a majority of the legal voters of the village; and that in order to accomplish the proposed scheme of annexation, a majority of the voters in each of said two municipalities voting upon the question must have been for annexation. The language of the statute is, "at an election

to be holden *in each* of said incorporated cities, towns or villages." This language is several, and its import is, that an election is to be holden in each, severally, of the cities, towns or villages involved in the scheme.

The act provides that the petition for annexation shall be presented to the judge of the county court, and that he shall cause the question of annexation to be submitted to the voters of the municipality sought to be annexed, and to the voters of the municipality to which it is sought to annex the same. The statute, in connection with the specification of the duty of the county judge, uses the expression "thereupon," which is tantamount to providing that said judge shall submit the question to the voters within a reasonable time after the presentation of the petition to him. A discretionary power, however, is delegated by the act to the county judge in respect to fixing the time of the election. The statute expressly provides that "such question may be submitted at either a special election called for that purpose, or at any municipal election, or at any general election." It was a reasonable exercise of the sound discretion with which the law invested the county judge, that he submitted the question of annexation to be voted on at the two regular municipal elections, which occurred within four or five weeks of the date when the petition for annexation was first presented to him. Had he ordered a special election in one or both of the municipalities, it would have caused an additional and unnecessary expense to one or both of them; and besides this, the probabilities of obtaining a full expression of the will of the voters of the two municipalities would have been greatly lessened. The discretion given by the statute is to submit the question "at *any* municipal election," and such provision is applicable to each of the municipalities alike, and to hold that in all cases where the municipal elections in the different municipalities are upon different days a special election must be held in one or all, would be to deprive the county judge of the privilege of exercising the statutory discretion

with which he is therein vested. It may be that if the two regular elections had been far apart, sound discretion would have required the ordering of a special election; but here only two weeks intervened between the two elections, and it was impossible that voters of one of the municipalities could cast their votes therein, and then colonize the other municipality in time to become voters therein upon the same proposition of annexation. So it would seem that the argument of appellant based upon that consideration is without force.

It is suggested that if an election is held in one of the corporations on April 7, and in the other corporation on April 21, then the annexation as to the one, if the vote therein is favorable to annexation, would take effect on April 7, and as to the other on April 21. By the act it is made a condition precedent to annexation that a majority of the voters of each incorporated city, town or village voting shall vote for annexation. It is further provided therein that "*thereupon*,"—*i. e.*, upon a majority of the voters of each municipality voting for annexation,—"the jurisdiction of the incorporated city, village or town to which such other incorporated city, village or town is annexed, shall extend over said territory." The city, village or town voting at the first election, and in favor of annexation, will, as matter of course, nevertheless retain its separate and distinct corporate existence and municipal autonomy until a majority of the voters of the other municipality shall also have voted for annexation.

In our opinion the village of North Springfield is legally annexed to the city of Springfield, notwithstanding the fact the question of annexation was voted on in the village at its regular municipal election held on April 21, 1891, and voted on in the city at its regular municipal election held on April 7, 1891. We think that the circuit court did not err in sustaining the demurrer to the bill for an injunction and in dismissing said bill.

The decree of the circuit court is affirmed.

*Decree affirmed.*