# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF ILLINOIS.

M. A. KAMP *et al.*

*v.*

THE PEOPLE *ex rel.* T. J. Selby, State's Attorney.

*Filed at Springfield March 26, 1892.*

1. VILLAGE ORGANIZATION—*questioned by quo warranto—duties of county judge.* The duties imposed by the statute upon the county judge in respect of the steps to be taken for the organization of a village, under the general law, are not judicial duties, and his acts in that respect are purely ministerial. Therefore, his action in calling an election for village trustees has not the conclusive effect of a judgment. He decides nothing, and therefore the validity of the organization is open to attack, and may be questioned by *quo warranto.*

2. SAME—*petition and finding of county judge not conclusive as to number of inhabitants.* The calling of an election to determine whether certain territory, not exceeding two square miles, shall be organized into a village, the holding of such election, the declaring of the result, and the declaring the organization of the village, all presuppose that the proposed territory contains at least three hundred inhabitants residing therein. But the county judge is not required to find that fact, and the statute does not make the petition conclusive evidence of the facts therein stated.

3. SAME—*attacking village organization—what answer must contain—three hundred inhabitants requisite to village organization.* Where the

validity of the organization of a village is contested by *quo warranto,* those exercising corporate acts must justify, and in doing so, must in their answer state particularly the organization, and this can not be done without stating the jurisdictional fact of the residence of at least three hundred inhabitants in the territory composing the village. The People are not bound to show anything.

4. In such case, the failure of the defendants to set up, by answer, the residence of the requisite number of inhabitants, on no principle will excuse them from proving that fact, that being essential to their justification.

5. A State's attorney, by introducing in evidence on a *quo warranto* a petition for the organization of a village, for the purpose of contradicting the recital therein that the territory incorporated contained three hundred resident inhabitants, such evidence not being necessary on his part, is not thereby estopped from giving evidence to contradict such recital, and he may show, by parol evidence, that the requisite population was wanting, and thus defeat the incorporation of the village.

6. Laches—*no defense if not pleaded.* Where no Statute of Limitations, and no facts constituting *laches* on the part of the People, are set up in the answer to an information in the nature of a *quo warranto,* questioning the validity of the incorporation of a village, such a defense can not be considered. The court can not presume the existence of such *laches* as will bar the prosecution of the suit, without allegation or proof.

Appeal from the Circuit Court of Calhoun county; the Hon. George W. Herdman, Judge, presiding.

Mr. James R. Ward, Mr. Frank M. Greathouse, and Mr. Edward A. Pinero, for the appellants:

As the answer contained no averment that there were at least three hundred inhabitants residing in the territory when the petition was filed, the replication negativing that fact tendered an immaterial issue, and the court erred in sustaining a verdict on such issue. *Woods* v. *Hynes,* 1 Scam. 103; *Gradle* v. *Hoffman,* 105 Ill. 156; 1 Chitty's Pl. 644.

The court was concluded by the averments in the petition filed to incorporate the village, and the records of the county court, and the returns of the election to incorporate, filed in said county court. It was sufficient to plead the petition, etc.,

and was not necessary to aver in the answer the truth of the facts stated in the petition.

The decision of the county judge is *res judicata* and final. Rev. Stat. chap. 24, art. 1, secs. 5, 8; art. 1, secs. 5-7; *Bush* v. *Hanson,* 70 Ill. 480; *People* v. *McGowan,* 77 id. 646; *Kelly* v. *People,* 115 id. 589; *Schroeder* v. *Insurance Co.* 104 id. 71; *Carrico* v. *People,* 123 id. 200; *People* v. *Commissioners,* 31 Ill. App. 222; *Simons* v. *People,* 18 id. 595.

The statute does not provide for any mode to contest such an election. A court of chancery has no jurisdiction to inquire into the validity of an election. *Moore* v. *Haisington,* 31 Ill. 243; *Jennings* v. *Joyce,* 116 id. 179; *Keating* v. *Stack,* 116 id. 191.

Courts are required to take judicial notice of the existence of all villages, etc. *Potwin* v. *Johnson,* 108 Ill. 74; *Harman* v. *Chicago,* 110 id. 400; *Blanfus* v. *People,* 69 N. Y. 107.

It is entirely competent, and not against public policy, for the legislature, by failing to otherwise provide, to leave the decision of the county judge upon a petition to incorporate a village under the general law, final and decisive, and the election to incorporate, incontestable. *Moore* v. *Mayfield,* 47 Ill. 169; *People* v. *Smith,* 51 id. 177.

The records and petition import verity, and can not be impeached or contradicted, and their recitals, whether true or not, must be settled by reference to them, alone. They were records required by law to be made and kept. *Herrington* v. *McCollom,* 73 Ill. 482; *Harris* v. *Lester,* 80 id. 314; *People* v. *McGowan,* 77 id. 644; *Railway Co.* v. *Peterson,* 115 id. 597; *People* v. *Madison County,* 125 id. 342.

Appellees, by introducing in evidence the petition and proceedings, are estopped to deny the recital of facts therein, and appellants may avail of such evidence. *Deshler* v. *Beers,* 32 Ill. 381.

Municipal corporations are created for the public good—are demanded by the wants of the community; and the law, after

continued use of the corporate powers and the public acqui-
escence, will indulge in presumptions in favor of their exist-
ence. The law will incline to sustain rather than defeat them.
*Jameson* v. *People*, 16 Ill. 257; *People* v. *Farnham*, 35 id. 566.

Mr. T. J. SELBY, State's Attorney, for the appellee:

An information in the nature of a *quo warranto* is a direct
proceeding to try the title of an office, and to inquire into all
the facts upon which the title rests. Hawes' Jurisdiction of
Courts, sec. 171; *People* v. *Scannell*, 7 Cal. 435; *Satterlee* v.
*San Francisco*, 23 id. 318; *People* v. *Stephens*, 5 Hill, 620;
*People* v. *Van Slyck*, 4 Cowen, 323; *People* v. *Matteson*, 17 Ill.
168; *Grant* v. *Chambers*, 34 Tex. 580.

And is the proper action to test the validity of the organiza-
tion of a municipal corporation. Starr & Curtis' Stat. p. 1871,
chap. 112, sec. 1; High on Ex. Legal Rem. sec. 678; 2 Dillon
on Mun. Corp. secs. 894, 895; *Renwick* v. *Hall*, 84 Ill. 164;
*People* v. *Spring Valley*, 129 id. 175; *Chesshire* v. *People*, 116
id. 493; *Chicago* v. *People*, 80 id. 496; *People* v. *Trustees*, 111
id. 171.

Where a number of individuals assume to act as a corpora-
tion, an information in the nature of a *quo warranto*, contain-
ing a general denial of their right to do so, will be sufficient
to put them to their plea of justification. 7 Lawson's Rights,
Rem. and Prac. sec. 4044; *State* v. *Taylor*, 25 Ohio St. 279;
*People* v. *Hydraulic Co.* 115 Ill. 288; *People* v. *Improvement Co.*
103 id. 491; *State* v. *Dahl*, 65 Wis. 510.

On the defendant setting up justification, the State may
reply the cause of forfeiture. *People* v. *Improvement Co.* 103
Ill. 511; 30 Am. Dec. 34; 7 Lawson's Rights, Rem. and Prac.
sec. 4044, p. 6348; *Commonwealth* v. *Commercial Bank*, 28
Pa. St. 363; *State* v. *Commercial Bank*, 10 Ohio, 535.

Before any area of contiguous territory (not exceeding two
square miles) can be incorporated into a village, under the act
of the legislature of this State, such territory must "have resi-

dent thereon a population of at least three hundred inhabitants." Starr & Curtis' Ann. Stat. p. 510, sec. 189; *Carrico* v. *People*, 123 Ill. 200.

The action of the county judge in calling to his assistance two justices of the peace to canvass the election returns, and causing a statement of the result of the election to be entered upon the records of the county court, is not a judicial act, but a ministerial one. 1 Starr & Curtis' Ann. Stat. p. 510, sec. 190; Hawes' Jurisdiction of Courts, sec. 4.

The mode of taking and proving the population of any village is by reference to the latest census taken by the United States or this State, or authorized by ordinance of the village. 1 Starr & Curtis' Ann. Stat. p. 509, sec. 181.

Information in the nature of a *quo warranto* is the proper action to test the validity of a municipal corporation, and should be brought against the individuals who unlawfully assume to be a corporation, if the object is to test the fact of incorporation. 2 Starr & Curtis' Ann. Stat. chap. 112, p. 1871; *People* v. *Spring Valley*, 129 Ill. 169; *Chesshire* v. *People*, 116 id. 492; 7 Lawson's Rights, Rem. and Prac. p. 6349, sec. 4044; 30 Am. Dec. 34; Hawes' Jurisdiction of Courts, sec. 172.

The court may go behind the certificate or commission, and inquire into the validity of the proceedings. 2 Dillon on Mun. Corp. sec. 892, note 1.

Defendants must specifically and specially show their right to act as a village corporation. Starr & Curtis' Stat. p. 510, secs. 189-191; *Clark* v. *People*, 15 Ill. 217; *Carrico* v. *People*, 123 id. 198; High on Ex. Legal Rem. secs. 716, 729, 730; 7 Lawson's Rights, Rem. and Prac. sec. 4045.

The issue joined on replication is material. It is only whenever an area of contiguous territory contains a resident population of "at least three hundred inhabitants," that such territory is entitled to become incorporated as a village. See Starr & Curtis, p. 510, sec. 189.

In the case of *People* v. *Spring Valley*, 129 Ill. 175, it is indicated by the court that the primary question of population is a fact "necessary to constitute such legal corporation."

The county judge's duties are the same as those required of the president and trustees of towns already incorporated, where organization under the general law is desired, and are ministerial.    Starr & Curtis, pp. 509, 510, sec. 185.

In proceedings to establish drainage districts, under the statute, in the county court, the judge's duties are not the same as in proceedings for village incorporation.    The court fixes a day to hear the petition and evidence, and hears the cause and makes findings, and certain findings are conclusive. Starr & Curtis, p. 920, secs. 27-30.

As to what findings of the court are conclusive, because the statute makes them "conclusive," see Starr & Curtis, p. 921, sec. 30; *People* v. *Drainage Comrs.* 31 Ill. App. 222; *People* v. *O'Hair*, 29 id. 240.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

The first question presented in argument is, whether it is competent, in a proceeding by *quo warranto* to determine the validity of a claimed incorporation of a village under the general law, to receive parol evidence tending to prove that there was not a population of three hundred inhabitants residing on the territory sought to be incorporated, at and before the time the petition to become incorporated was presented to the county judge.    The court below admitted such evidence upon the trial, and its judgment was given upon a finding by the jury, in consequence of the admission of parol evidence that there was not that amount of population residing on the described territory at the time mentioned.

It is provided in section 5, article 11, chapter 24, of the Revised Statutes of 1874, entitled "cities, villages and towns," (page 242,) that "whenever any area of contiguous territory,

not exceeding two square miles, shall have resident thereon a population of at least three hundred inhabitants, * * * the same may become incorporated as a village, under this act, in the manner following: Any thirty legal voters resident within the limits of such proposed village may petition the county judge of the county in which they reside, to cause the question to be submitted to the legal voters of such proposed village whether they will organize as a village under this act." It is further provided in the next section, (section 6,) that "upon filing such petition in the office of the county clerk, it shall be the duty of such judge to perform the same duties in reference to fixing the time and place of such election, giving notice, appointing judges thereof, as is above required to be performed by the president and trustees in towns already incorporated." And it is provided in section 7, that "if a majority of the votes cast at such election is for village organization under the general law, such proposed village, with the boundaries and name mentioned in the petition, shall from thenceforth be deemed an organized village under this act, and the county judge shall thereupon call and fix the time and place of an election to elect village officers."

These are the only provisions of the statute relating to the question. It will be seen that the calling of the election to determine whether the territory shall be organized, the holding of that election, the declaring its result, and the declaring of the organization of the village pursuant to the result of the election, all presuppose that there is at least a population of three hundred inhabitants residing on the territory to be organized, that the county judge is not required to find what the fact is in that respect, that no tribunal or mode of ascertaining what the fact is, in that respect, is provided by statute, and that the statute does not make the petition conclusive evidence of the truth of the facts therein alleged. It is therefore impossible that anybody can be concluded by the recitals of the petition on this question.

The duties imposed upon the county judge are upon the individual selected and designated by his incumbency of office, and they are purely ministerial. (*Owners of Land* v. *The People ex rel.* 113 Ill. 296; *The People ex rel.* v. *Nelson*, 133 id. 565.) It is of the essence of a judgment, conclusive as to any given question, that there shall be both jurisdiction and an actual decision of the question. But here no tribunal decides—petitioners merely recite—what was the number of inhabitants. *The People* v. *McGowan*, 77 Ill. 646, *Schroeder* v. *Merchants' Ins. Co.* 104 id. 71, and *Kelly* v. *The People*, 115 id. 589, cited by counsel for appellants, are therefore wholly unlike the present case, for in each of those cases a judgment of a court upon the particular question was under consideration.

It was incumbent on appellants, here, to justify, and in doing so it was necessary to state particularly the organization of the village, and this could not be done without stating the existence of the jurisdictional fact,—the residence of the requisite number of inhabitants upon the territory to be organized, which gave the right to file the petition for organization. The People were not bound to show anything. (*Clark* v. *The People*, 15 Ill. 217; *Carrico et al.* v. *The People ex rel.* 123 id. 203.) The failure of appellants to set up the fact of the residence of the requisite number of inhabitants can upon no principle excuse them, in this proceeding, from proving that fact, for without such proof they do not justify.

The next question is, whether the People are estopped by the recitals in the petition, because of the petition having been read in evidence by the State's attorney in making out his case in chief. It was unnecessary for the State's attorney to introduce this evidence, and it should properly have come from the other side. But it is manifest that his intention in introducing it was merely to identify the records, for the purpose of calling the attention of the witnesses to them, in their examination, on the contested fact. It was not introduced to

prove the number of inhabitants, but as a basis for contradicting its recitals in that respect. We think the People were not estopped by its recitals.

A point was urged in argument, that great injury will result from now allowing this suit to be prosecuted, by reason of many important acts having been done, in good faith, upon the validity of the organization. It is a sufficient answer to this, that no Statute of Limitations, and no facts constituting *laches* on the part of the People in prosecuting the suit, are set up in the answer. We can not presume the existence of such *laches* as should bar the prosecution of the suit without allegation or proof.

The only remaining question is one of fact: does the evidence sustain the finding of the jury as to the number of inhabitants residing on the territory sought to be organized, at the time the petition for that purpose was presented? We are unable to say that it does not. In our opinion there is ample evidence, if believed by the jury, to sustain their finding, and we can not say that in believing it they must have been influenced by partiality or prejudice.

The judgment is affirmed.      *Judgment affirmed.*