Edward B. Poor *et al.*

*v.*

The People *ex rel.* T. J. Selby, State's Attorney.

*Filed at Springfield June 17, 1892.*

1. Quo warranto — *to dissolve village corporation — less than three hundred inhabitants.* In a proceeding by information in the nature of a *quo warranto* to test the legality of the formation of a village, the relator may reply to the plea setting out the proceeding to incorporate, that at the time of the filing of the petition with the county clerk there was not within the territory designated a population of at least three hundred inhabitants, as required by the statute, and such replication will be good on demurrer.

2. Practice—quo warranto—*carrying demurrer to replication back to plea.* Where a demurrer to a replication to a plea in a proceeding by *quo warranto* is overruled, it is irregular to carry the demurrer back and sustain it to the plea, but if the respondents stand by their demurrer to the replication, and allow judgment to go against them on that issue, and the replication is good, the error in carrying the demurrer back to and condemning the plea will be harmless.

Appeal from the Circuit Court of Calhoun county; the Hon. George W. Herdman, Judge, presiding.

Mr. James R. Ward, Mr. Franklin M. Greathouse, and Mr. Ed. A. Pinero, for the appellants:

The decision of the county court in finding that the village was formed is judicial in its nature, and is *res judicata,* and on *quo warranto* precludes evidence *aliunde* the record and investigation beyond the face of the petition. Secs. 5, 6, 7, of

art. 11, and secs. 5, 8, of art. 1, chap. 24, Rev. Stat. ; *People v. McGowan,* 77 Ill. 646 ; *People v. Commissioners,* 31 Ill. App. 222 ; *Simons v. People,* 18 id. 595 ; *Bush v. Hanson,* 70 Ill. 480 ; *Schrœder v. Insurance Co.* 104 id. 71 ; *Kelly v. People,* 115 id. 589 ; *Carrico v. People,* 123 id. 200.

It is a novel practice to us to overrule a demurrer to a replication and carry it back to a plea, and adjudge the plea insufficient. If the replication is good, it is a waiver of the demurrer to the plea ; but if it is bad, it is treated as no replication, and the demurrer may be carried back to the plea, if the plea is also bad. By overruling the demurrer to the replication its sufficiency as a complete answer to the plea was established. *Miles v. Danforth,* 37 Ill. 156.

When a sufficient replication is filed, and an issue thereby formed upon the plea, it is as effective as the general issue to a declaration. All right to demur to the plea is waived, for by replying thereto the sufficiency of the plea is admitted, and a party can not be permitted to demur and plead to the same pleading at the same time. *Wear v. Railroad Co.* 24 Ill. 596 ; *Wilson v. Myrick,* 26 id. 35 ; *Culver v. Bank,* 64 id. 532.

The power to carry a demurrer back exists when the pleading demurred to is "held to be bad." In such a case the party whose pleading is adjudged bad, if he does not elect to stand by it, may use the demurrer interposed by his opponent as a weapon to attack the pleading of his opponent, for "if two or more of the pleadings be bad in substance, the court will give judgment against the party who committed the first fault." But the demurrer must be general, and the pleading demurred to must be held to be bad, before the demurrer will be carried back. Archbold's Civil Pl. 314 ; 1 Chitty's, Pl. *668, ("as, if the plea which is demurred to be bad, the defendant may avail himself," etc. ;) 1 Saunders' Pl. and Ev. *954, ("if a plea which is demurred to is bad, the defendant may avail himself," etc., "so, on demurrer to the replication if the court thinks the replication bad;" etc. ;) *Fire Ins. Co. v. Stanton,* 57 Ill. 359.

It will be observed that the pleading demurred to must be held to be bad. Here, however, the replication demurred to was adjudged to be sufficient, and the demurrer was carried back to the plea and the plea was adjudged to be insufficient. This was erroneous.

Mr. T. J. Selby, State's Attorney, for the appellees:

*Quo warranto* is the proper action to test the validity of a municipal corporation, and the information may be petitioned for by the State's attorney, and, in the language of the statute, lies against "any association or number of persons who shall act within the State as a corporation without being legally incorporated." Starr & Curtis' Stat. p. 1871, sec. 1, chap. 112; High on Ex. Rem. sec. 678; 2 Dillon on Mun. Corp. secs. 894, 895; *Renwick* v. *Hall*, 84 Ill. 164; *Chicago* v. *People*, 80 id. 496; *People* v. *Spring Valley*, 129 id. 175; *Chesshire* v. *People*, 116 id. 493; *People* v. *Trustees*, 111 id. 171.

We think it was incumbent on the defendants to aver and to show that the territory described was entitled to become incorporated as a village under the general law, by having resident thereon, at the time of filing their petition, the necessary number of inhabitants, to-wit, "at least three hundred." This is a prerequisite to the right to incorporate—a condition precedent—a jurisdictional fact. Merely copying the petition into the plea, without averments, is not sufficient. 1 Starr & Curtis' Stat. p. 510, sec. 189; *Carrico* v. *People*, 123 Ill. 198.

Where a number of individuals assume to act as a corporation, an information containing a general denial of their right to do so will be sufficient to put them to their plea of justification. *People* v. *Hydraulic Co.* 115 Ill. 288; *People* v. *Improvement Co.* 103 id. 491.

The defendant must either disclaim or justify. If he justifies, he must set out his title specially. It is not enough to allege, generally, that he was duly elected or appointed to the

office, but he must state particularly how he was elected or appointed. He must show on the face of the plea that he has a valid title to the office. The People are not bound to show anything. *Clark* v. *People,* 15 Ill. 217; *Carrico* v. *People,* 123 id. 198; High. on Ex. Rem. secs. 729, 730.

If the plea was defective, it was unnecessary for the court to inquire into the validity of the replication. High on Ex. Rem. sec. 728; *People* v. *Railroad Co.* 13 Ill. 66.

In *Brackett* v. *People,* 72 Ill. 596, the demurrer was carried back, notwithstanding issue was taken on one replication and the demurrer sustained as to four other replications.

The plea does not answer fully the information by specially and fully setting forth defendant's title, and as no issue of fact was formed the demurrer might be carried back to the plea. *Tipton* v. *Carrigan,* 10 Ill. App. 322; *Chestnut* v. *Chestnut,* 77 Ill. 348.

In either event, whether the plea was bad or whether the replication was good, defendants abide and stand by their demurrer, and judgment of ouster was proper. *People* v. *Spring Valley,* 129 Ill. 169.

It is true, that the demurrer would reach back to the first error in the pleading, but in *Illinois Fire Ins. Co.* v. *Stanton,* 57 Ill. 359, it is said appellant can not complain that a defective replication was allowed to stand to a defective plea; and *quære,* where defendants abide by their demurrer to a good replication.

Where replications are demurred to, the question involves not only the sufficiency of the replication, but the plea, also. In *Cleveland* v. *Skinner,* 56 Ill. 504, a demurrer was overruled to the replication, but on appeal the court held the replication bad, and notwithstanding affirmed the judgment, because the pleas did not set up a sufficient defense.

If the plea is no defense, defendants were not prejudiced whether the replication was good or bad. So if the replication is held good, and defendants stand by their demurrer,

they can not complain if their plea is bad. The demurrer opens up the whole record.

In *Peoria and Oquawka Railroad Co.* v. *Neill,* 16 Ill. 271, the court overruled a demurrer to the replication, and defendants were not injured, even if the replication was bad, because their special plea was bad.

In *McDonald* v. *Wilkie,* 13 Ill. 26, a demurrer was filed to the rejoinder, which was overruled, and on appeal the court held that it was immaterial whether the rejoinder was good or not. The demurrer opened up the whole record.

Mr. Justice Wilkin delivered the opinion of the Court:

This proceeding was begun in the court below by petition by the State's attorney of Calhoun county, of his own accord, for leave to file an information in the nature of a *quo warranto.* The information charged that appellants were usurping and exercising the powers of a body corporate and politic, conferred upon cities not exceeding five thousand inhabitants by an act of the General Assembly approved April 10, 1872, entitled "An act to provide for the incorporation of cities and villages," and the several amendments thereto, in and over certain territory in said county. The petition having been granted, appellants filed what they called an answer, but which was treated as a plea, alleging that on the 21st day of January, 1889, a petition by at least thirty legal voters resident within said territory was filed in the office of the county clerk in said county, petitioning the county judge thereof, (setting out the petition, in which it is alleged said territory has resident therein a population of three hundred,) that the question be submitted, etc., whether said territory should be organized as a village; that in pursuance of said petition all the steps required by the statute in such case were regularly taken, resulting in the organization of the village of Hamburg, of which village they, the respondents, had been duly elected

and qualified president, trustees and clerk. To this plea the State's attorney replied that there was not, at the time of filing said petition with said county clerk, in the territory designated, a resident population of at least three hundred inhabitants, as required by the statute before a village can be legally organized. To this replication appellants filed a general and special demurrer.

It appears from the record that the court held the replication good, but, on motion of the State's attorney, carried the demurrer back to the plea and held it bad, to both of which rulings appellants excepted, and elected to stand by their plea and by their demurrer to the replication, whereupon judgment of ouster was entered against them. From that judgment this appeal is prosecuted.

The question here raised is, whether or not, in this *quo warranto* proceeding, the number of inhabitants residing within the limits of the territory proposed to be organized into a village could be inquired into. This question we have answered in the affirmative in the recent case of *Kamp* v. *The People,* 141 Ill. 9. While it was irregular to carry the demurrer to the replication, which had been overruled, back to the plea, appellants having stood by their demurrer to the replication and allowed judgment to go against them on that issue, and the replication being good, the error in going back to and condemning the plea was harmless. The allegation in the replication that there were not three hundred inhabitants residing in the organized territory was admitted by the demurrer, and the judgment of ouster was therefore clearly right. The case of *Kamp* v. *The People, supra,* is decisive of this.

The judgment of the circuit court will be affirmed.

*Judgment affirmed.*