THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.*
THOMAS SHAW *et al.* Appellants.

*Opinion filed February 23, 1912—Rehearing denied April 4, 1912.*

1. MUNICIPAL CORPORATIONS—*words "county judge" and "judge
of county court" are used interchangeably with reference to village
organization.* A petition for village organization may be properly
addressed to the judge of the county court, as it is evident from a
comparison of article 1 of the Cities and Villages act, concerning
the organization of cities, with article 11 of said act, concerning
the organization of villages, that the words "county judge" and
"judge of the county court" are used interchangeably and synony-
mously in both articles.

2. SAME—*petition for village organization is properly filed with
clerk of county court.* A petition for village organization is prop-
erly filed with the clerk of the county court, as some of the pro-
ceedings must be made a part of the records of the county court.

3. QUO WARRANTO—*respondent not required to show that elec-
tion notices remained posted for fifteen days.* Section 1 of arti-
cle 11 of the Cities and Villages act, providing that notices of an
election on the question of village organization shall be posted "for
at least fifteen days prior to holding such election," does not re-
quire the respondents in a *quo warranto* proceeding to test the
legality of the organization, to prove not only that the notices
were posted fifteen days before the holding of said election, but also
that they remained posted continuously during such fifteen days.

APPEAL from the Circuit Court of Fulton county; the
Hon. R. J. GRIER, Judge, presiding.

O. J. BOYER, for appellants.

W. H. STEAD, Attorney General, (CHIPERFIELD &
CHIPERFIELD, of counsel,) for the People.

Mr. CHIEF JUSTICE CARTER delivered the opinion of
the court:

This is an appeal from a judgment of ouster entered by
the circuit court of Fulton county against appellants, as of-
ficers of the village of Norris, upon an information in the

nature of *quo warranto*. In July, 1908, a petition was filed for the incorporation of certain territory in said county as a village. An election was held on August 17, 1908, and eighty-one votes were cast for and twenty-seven against organization. September 22, 1908, an election was held for village officers, and appellants were elected, respectively, president, trustees and clerk of said village. Shortly thereafter leave was granted to file this information. Appellants filed an amended plea, setting forth the proceedings for the organization of the village and election of village officers. A demurrer to this was sustained and judgment of ouster entered. This appeal followed.

The chief contention arises over the construction of the sections of the statute governing the organization of villages, as to whether the petition for such organization must be addressed to the county judge and filed with the county clerk, or addressed to the judge of the county court and filed with the clerk of the county court. Sections 5, 6 and 7 of article 11 of the Cities and Villages act, (Hurd's Stat. 1911, p. 359,) which relate to the matter in controversy, read, in part, as follows:

"Sec. 5. Any thirty legal voters resident within the limits of such proposed village may petition the county judge of the county in which they reside, to cause the question to be submitted to the legal voters of such proposed village, whether they will organize as a village under this act. And if the territory described in said petition shall be situated in more than one county, then the petition shall be addressed to the judge of the county court of the county where a greater part of such territory is situated. Such petition shall be addressed to the county judge.

"Sec. 6. Upon the filing such petition in the office of the county clerk, it shall be the duty of such judge to perform the same duties  *  *  *  as is above required to be performed by the president and trustees in towns already incorporated. The returns of such election shall be made

to the county judge, who shall call to his assistance any two justices of the peace, and canvass such returns, and cause a statement of the result of such election to be entered upon the records of the county court.

. "Sec. 7. If a majority of the votes cast at such election is for village organization under the general law, such proposed village * * * shall, from thenceforth, be deemed an organized village under this act, and the county judge shall, thereupon, call, and fix the time and place of an election to elect village officers, and cause notice thereof to be posted or published, and perform all other acts in reference to such election, in like manner, as nearly as may be, as he is required to perform in reference to the election of officers in newly organized cities."

In these sections the term "county judge" is usually used, but in the latter part of section 5 the words "judge of the county court" are found. It will be noted that section 6 provides that the result of the election shall be "entered upon the records of the county court." Section 7 provides that in conducting the election for village officers the county judge shall perform certain acts "in like manner, as nearly as may be, as he is required to perform in reference to the election of officers in newly organized cities." Under article 1 of this same Cities and Villages act it is provided (section 5) that in organizing cities the petition shall be filed with "the clerk of the county court" and addressed "to the judge of such court," and that the "county judge" shall fix the time and place of the election. Article 1 also provides that the "county judge" shall call to his assistance two justices to canvass the returns, and that the "county judge" shall call and give notice of the election for the first city officials, the same as the later sections of said article 11 provide he shall do as to village organization and the election for the first village officials.

A comparison of the provisions of article 1 with those of article 11 leads to the conclusion that the legislature

intended that the county judge and county court should perform the same duties in organizing cities under said article 1 that he or it performs in organizing villages under said article 11. To construe this statute so that in organizing cities the petition must be addressed to "the judge of the county court," while in organizing villages it must be addressed to "the county judge," would, in our judgment, be contrary to the intention of the legislature. Many of the acts of the county judge as to the organization of cities or villages are ministerial in character, and not judicial, (*Kamp* v. *People,* 141 Ill. 9,) as are many duties performed by him under other statutes. (*People* v. *Evans,* 247 Ill. 547; *People* v. *Hoffman,* 116 id. 587; *Sherman* v. *People,* 210 id. 552.) It will be seen from the decisions last referred to, that some duties of the county judge may be ministerial, while others, under the same statute, may be judicial or *quasi*-judicial. It is apparent that some of the acts of the county judge in the organization of cities and villages are judicial in character, as it is required that the statement of the result of the vote on organization shall be "entered upon the records of the county court." This court, in discussing this statute in reference to the organization of villages, in *People* v. *New,* 214 Ill. 287, said, (p. 291,) that "all orders entered by the county court which were not strictly required by the statute" may be deemed surplusage, plainly inferring that the county court had the power to enter certain legal orders with reference to the organization of villages. The offices of judge of the county court and county judge are held by one and the same person.

We think it is clear from a comparison of said article 1 of the Cities and Village act as to the organization of cities with said article 11 as to the organization of villages, that the terms "county judge" and "judge of the county court" are used interchangeably and synonymously in both

articles. The petition in this case was rightly addressed to the judge of the county court.

It is further urged that section 6 of said article 11 requires that the petition shall be filed with the county clerk, and the filing mark thereon states that it was filed with the clerk of the county court. We are disposed to hold that a fair construction of the provisions of said articles 1 and 11 of the Cities and Villages act, above referred to, requires that the petition shall be addressed to the judge of the county court and be filed with the clerk of the county court, as some of the proceedings in organizing the city or village must be made a part of the records of the county court.

It is further urged by appellee that section 1 of said article 11 provides that the notices shall be posted "in public places in such town for at least fifteen days prior to holding such election," and that the affidavit shown in the amended plea only states that the notices were posted fifteen days before the election when it should have stated that they remained posted during all that time. Statutes must be reasonably construed. To construe this section as argued by appellee would render the compliance therewith practically impossible. To make the necessary proof that the notices remained posted continuously for at least fifteen days before the election in the five public places would require a man on guard at each place of posting, night and day, for fifteen days. Such was not the intention of the legislature.

Under our construction of the statutes the amended plea shows, as to the questions raised by appellee, a legal right and title in appellants to exercise the offices of president, trustees and clerk, respectively, of said village. The judgment of the circuit court is therefore reversed and the cause remanded to that court for further proceedings not in conflict with the views herein expressed.

*Reversed and remanded.*