(No. 19263.—

THE VILLAGE OF AVERYVILLE, Appellant, *vs.* THE CITY OF
PEORIA *et al.* Appellees.

*Opinion filed April 20, 1929—Rehearing denied June 7, 1929.*

Dunn, J., dissenting.

C. F. Mansfield, Special Counsel, (Thomas W. Hoopes, of counsel,) for appellant.

Harry C. Heyl, Corporation Counsel, and Robert E. Kavanaugh, City Attorney, for appellees.

Mr. Justice Heard delivered the opinion of the court:

Appellant, the village of Averyville, filed its bill in the circuit court of Peoria county praying for an injunction restraining appellees, the city of Peoria and certain of its officials, from exercising or attempting to exercise jurisdiction and government over appellant, its property and affairs, and requiring appellees to restore to appellant property taken and carried away by appellees. Appellant's prayer for relief was based on the alleged invalidity of an order of the county court of Peoria county theretofore entered, declaring the village of Averyville annexed to the city of Peoria pursuant to elections held in the city and village. The bill alleged the invalidity of the elections and of each of the various steps taken for the calling of such elections in general terms, without in anywise specifying the grounds or reasons for such alleged invalidity. Appellees demurred to the bill, and while the demurrer was pending appellant moved for leave to file an amended bill, and lodged with the clerk the proposed amended bill. This motion was not called up for hearing until this demurrer had been sustained and the bill decreed to be dismissed for want of equity, when the court denied the motion for leave to amend. Thereafter, and without moving to vacate the decree, appellant moved for leave to file an amended bill, which was the same as the first proposed amended bill except that it was made returnable at the next term of court.

This motion was denied, and appellant has appealed to this court.

A motion has been made by appellees to strike out certain portions of the record, including the amended bill lodged with the clerk of the circuit court and the proposed engrossed amended bill contained in the record. This motion was taken with the case. We have not passed upon this motion but in this opinion have considered the case the same as if the motion had been denied.

It is to the best interests of law and order that a stable government be speedily established and maintained in Averyville, and to insure this end we have deemed it best to not consider any technical objections of appellees but decide the case upon its merits.

It is contended by appellant that the Annexation act of 1889, (Smith's Stat. 1927, p. 408,) and the subsequent amendments thereto, under which the annexation proceedings were had, are in violation of section 22 of article 4, section 13 of article 4, and article 3 of the constitution. Article 3 divides the powers of the government into three distinct classes—legislative, executive and judicial—and provides that the powers of one department shall not be exercised by another department. Official duties are exercised under these three heads. In the course of the administration of government duties frequently arise which cannot be exclusively classed under any one of these three heads. This provision has been frequently construed, and in many instances where duties similar to those here in question were imposed, the officer, though exercising judgment and discretion, was held not to be exercising judicial power. (*Hawthorn* v. *People,* 109 Ill. 302; *Owners of Lands* v. *People,* 113 id. 296; *People* v. *Buskirk,* 279 id. 203.) By the act here in question the county judge can only do the specific thing asked in the petition in the manner pointed out by law. While he may decide upon the sufficiency of the petition he has no discretion as to what

shall constitute a sufficient petition. The discretion imposed on him by this act is not a discretion to determine what the law is or shall be, but what shall be done in the matter of its execution. This is not a delegation of legislative or judicial power. (*Milstead* v. *Boone*, 301 Ill. 213.) Many other instances might be cited where duties not judicial have been imposed on the county judge and the act upheld. (*Sherman* v. *People*, 210 Ill. 552; *Kamp* v. *People*, 141 id. 9; *People* v. *Evan*, 247 id. 547; *People* v. *Cowen*, 283 id. 308.) This act is not in conflict with article 3 of the constitution.

It is contended by appellant that the act violates section 13 of article 4 of the constitution, in that the act in substance amends the Cities and Villages act without inserting the title of the latter act and without inserting any section of said act, and that it contains matter not embraced in the title. The constitution does not require the title of an act to be an index. The purpose of the provision of the constitution is to prevent the joining in one act of unrelated subjects, and does not apply where all provisions are germane to the subject expressed in the title. The act for the annexation of villages is complete in itself, and such an act is not within the mischief designed to be remedied by this provision and so cannot be held to be prohibited by it without violating its plain intent. (*People* v. *Wright*, 70 Ill. 388; *People* v. *Ankrum*, 286 id. 319.) The constitution does not require that all the legal effects of an act, such as the repeal by implication of a former act, shall be stated in the title. Where the subject of the act itself is embodied in the title all the legal consequences necessarily flowing from it will, for the purpose of the constitutional requirement, be regarded as embraced in the title also. (*McGurn* v. *Board of Education*, 133 Ill. 122.) It cannot be said that this clause of the constitution embraces every enactment which in every degree, however remotely, may affect the prior law on a given subject, for to so hold

would be to bring about a greater evil than the one sought to be obviated by this clause. (*School Directors* v. *School Directors*, 135 Ill. 464.) The act in question sets forth in full the section, subsequently amended, as amended. It is not necessary the section intended to be amended shall be incorporated or recited in the new enactment as it stood prior to the amendment proposed to be accomplished by the amendatory act. *People* v. *Ankrum, supra; Hagler* v. *Small,* 307 Ill. 460.

The contention of appellant as to section 22 of article 4 of the constitution is, that the Annexation act changes or amends the charters of cities and villages and grants exclusive privileges to certain cities. The act is not a local or special law but is general, and applies to all cities and villages in the State so situated as to come within its provisions. A city or village is a creature of the legislature, clothed only with such powers as are expressly or by necessary implication granted to it by the legislature. It has no vested right in the powers granted in its charter. The State having delegated power to a city or village, may through legislative action modify such power or resume it and deprive the municipality of such power entirely. (*Kizer* v. *City of Mattoon,* 332 Ill. 545.) The constitution does not prohibit the amendment of the charters of cities and villages by general law but leaves the power of the General Assembly in that regard wholly unrestricted. (*McCormick* v. *People,* 139 Ill. 499.) After a careful consideration of all the points raised by appellant in its argument, we are of the opinion that the Annexation act of 1899 and its subsequent amendments, so far as they apply to the facts in this case, are not in violation of the constitution.

The legislative act under which the annexation elections were held provides: "That where a city, village or incorporated town adjoins another city, village or incorporated town, in one or more portions of its boundaries, it may be annexed thereto, in the manner following: * * * A peti-

tion shall be presented to the judge of the county court of the county wherein such city, village or incorporated town to which such annexation is sought is situated, asking that the question of annexation be submitted to the legal voters of the city, village or incorporated town sought to be annexed, and to the legal voters of the city, village or incorporated town to which it is sought to annex the same. Such petition shall be signed by not less than 250 of the legal voters of the city, village or incorporated town sought to be annexed, unless the votes cast in said city, village or incorporated town at the last preceding general election numbered less than 500, in which case the petition shall be signed by one-third of the legal voters of such city, village or incorporated town." (Smith's Stat. 1927, sec. 1, p. 408.)

It appears from the averments in the bill of complaint that on the 26th day of April, 1927, a petition signed by the requisite number of legal voters of the village of Averyville, which was addressed to Glen J. Cameron, judge of the county court, was presented to the judge, requesting elections to be held, respectively, in the village of Averyville and in the city of Peoria to submit the question of annexation to the legal voters of the respective municipalities. The Annexation act referred to provides in section 1 that upon the presentation of such a petition "the county judge shall cause to be submitted the question of annexation to the voters of the city, village or incorporated town sought to be annexed, and to the voters of the city, village or incorporated town to which it is sought to annex the same, at an election to be holden in each of said cities, villages or incorporated towns. Such question shall be submitted at a regular annual municipal election in the municipalities to be affected, or if the petition requests that such question be submitted at a special election and designates as the day for such election a Tuesday which is at least 90 and not more than 180 days subsequent to the presen-

tation of such petition, such question shall be submitted at such special election." It also appears from the bill of complaint that the judge of the county court, upon the presentation of the petition which requested the submission of the question of annexation to the village of Averyville at a special election, made an order calling such special election in the village of Averyville on Tuesday, July 26, 1927, following, it providing notice of the proposed election and the form of the ballots to be used at said election required by the law to enable the legal voters to intelligently vote for or against the annexation sought to be accomplished, and directing that the officers charged by law with the duty of canvassing the votes cast at such election file the result of such canvass, immediately upon ascertaining the result thereof, with the clerk of the county court. The judge reserved the right to designate the polling places, their precincts and boundaries and the appointment of the necessary judges and clerks at the election for a further order to be thereafter entered. It also appears from the bill that notices of the special election in Averyville were posted, and that the clerk of the county court, in conformity with the order calling the election, caused a notice to be published in the *Peoria Daily Record* that the special election on the question of the annexation of the village of Averyville to the city of Peoria was to be submitted to the legal voters of the village of Averyville at a special election called by the judge of the county court to be held on Tuesday, the 26th day of July, 1927, and to be voted upon at the several voting places thereafter to be designated in the village of Averyville; that thereafter, on the 27th day of June, 1927, another order was entered by the judge of the county court determining the precincts, which were three in number, and fixing the boundaries thereof and appointing judges and clerks to serve at the election; that on the second day of August, 1927, after the special election in question had been held, the president and board of trustees of

the village of Averyville, in regular session, canvassed the election returns of the respective voting precincts fixed by the order of the judge of the county court, which canvass showed that the total vote cast in the three election precincts referred to was 2181, and that 1276 votes were cast for annexation and 905 votes were cast against annexation, being a majority of 371 votes in favor of the annexation, and that a certificate of the canvass of the votes by the president and board of trustees of the village of Averyville was filed in the office of the clerk of the county court; that thereafter, on the 28th of October, 1927, after the result of the special annexation election in the village of Averyville had been canvassed, certified and filed, the judge of the county court made a further order, based upon the petition for annexation, to submit the question of annexation to the legal voters of the city of Peoria at the following regular annual municipal election to be held in the city of Peoria on the third day of April, 1928; that said election was held and conducted under the supervision of the board of election commissioners of the city of Peoria as provided by law, and that the question of annexation was duly submitted to the legal voters of the city of Peoria on the day mentioned; that the election commissioners, as the official canvassing board, canvassed the returns of the vote cast in the different precincts of the city of Peoria on the question of the annexation, and duly certified the result of the election and filed the same in the office of the county clerk; that the certificate shows that at said election there were 13,614 votes cast by the legal voters of the city of Peoria for annexation of the village of Averyville to the city of Peoria, and that 1359 votes were cast against such annexation, which resulted in a majority of 12,255 votes in favor of the annexation.

Counsel for the village of Averyville raise a number of questions concerning the legality of the elections referred

to. It is insisted that the various orders made upon the annexation petition which was presented to the judge of the county court were orders of the county court, and that, inasmuch as the county court had no jurisdiction of the annexation matter, these orders had no legal force and were void. It is true that the Annexation act does not confer jurisdiction upon the county court but expressly confers the authority to submit the question of annexation, and the matter of calling the elections provided for, upon the judge of the county court; but it is apparent upon the face of the bill of complaint that the various orders, while in the form of court orders, were signed by the judge of the county court, and were, in fact, orders of the judge of the county court.

It is contended, also, that the Annexation act contemplates but one election, which should have been held on the same day in both municipalities. This point was passed upon by this court in the case of *Village of North Springfield* v. *City of Springfield,* 140 Ill. 165. In that case the court said: "The only objection urged against the legality of the annexation proceedings arises out of the fact that the question of the annexation of the village to the city was submitted to the voters of the city at an election held one day and to the voters of the village at an election held on another and different day. The contention is that the expressions, 'at an election,' 'the election,' and other like expressions found in the act, indicate that there must be but one election for the submission of the question of annexation, and that if there is one election only, then, though it is in different municipalities, it must be on one and the same day. It would seem that even if the village election had been on the day of the city election, yet there would necessarily have been two separate and distinct elections— one for the purpose of ascertaining the will of a majority of the legal voters of the city and the other for the purpose of ascertaining the will of a majority of the legal

voters of the village—and that in order to accomplish the proposed scheme of annexation a majority of the voters in each of said two municipalities voting upon the question must have been for annexation. The language of the statute is, 'at an election to be holden in each of said incorporated cities, towns or villages.' This language is several, and its import is that an election is to be holden in each, severally, of the cities, towns or villages involved in the scheme."

Another point made concerning the legality of the elections is that they should have been called at the same time even though they were to be held on different dates. It is a sufficient answer to this contention to point out that there is nothing in the act which requires that the elections to be held in the two municipalities shall be called at the same time or by the same order of the judge. In this instance there was a special reason, which must have been apparent to the county judge in calling the elections, why the election in the city of Peoria should not be held on the same date of the election in the village of Averyville, namely, that there would be no necessity for putting upon the city of Peoria the burden and expense of an election if the special election which was called in Averyville resulted in a majority against annexation.

Another contention is made that the county judge was not authorized by the Annexation act to provide for three polling places and precincts and appoint judges and clerks for such polling places; that the village of Averyville had previously by ordinance provided for a division of the village into two election precincts and had appointed judges and clerks for such precincts by an ordinance. While the statute governing a special election of the character involved here is complete in itself and relates to a special election for annexation of cities, villages and towns, and section 1 of the statute (Smith's Stat. 1927, p. 408,) provides, "if the petition requests that such question be submitted at a

special election and designates the day for such election * * * such question shall be submitted at such special election," the only place in the act in which any municipal or election officers are named as being charged with any duty is found in the provision of that section, "and the officers who are charged by law with the duty of canvassing such votes shall file or cause to be filed with the clerk of the county court of such county a certificate of the result of such canvass." This section also provides that the ballot shall be returned as in case of election for municipal officers in such cities, villages or incorporated towns. Under section 10 of article 4 of the Cities and Villages act the canvass of the votes in a municipal election shall be made by the city council or board of trustees. There being no provision of this act relating to the naming of judges and clerks of elections and fixing polling places in case of a special election, the authority is necessarily conferred on the special agency expressly authorized to call the election for the purpose of submitting the question. The express authority carries with it the power to do whatever may be necessary to carry into effect the provisions of the statute where the method or procedure is not prescribed. (*Hagler* v. *Small, supra; McCulloch* v. *Maryland,* 4 Wheat. 316.) An essential in any election is that the facilities and safeguards for casting the vote of electors be provided. In this case the county judge, in whom the authority is vested to submit the question to the legal voters and to call the special election, is necessarily vested with power to provide such facilities and safeguards. No other officer or official body is vested with such power. It was said by this court in *People* v. *Graham,* 267 Ill. 426: "Courts justly consider the chief purpose of such laws, namely, the obtaining of a fair election and an honest return, as paramount in importance to the minor requirements which prescribe the formal steps to reach that end." This is the rule likewise given in 2 Lewis' Sutherland on Stat. Const. (2d ed.)

sec. 709. (*Jones* v. *State,* 153 Ind. 440.) In *People* v. *Green,* 265 Ill. 39, the returns had not been canvassed by the proper officer, but this was not held fatal to the tax authorized by the election, as the record showed that the majority of the people voting, voted in favor of the tax. In *City of Chicago* v. *People,* 80 Ill. 496, the city council, after giving notice of an election, stating the places of holding the same, changed the majority of the polling places by resolution. It was held that such changes did not invalidate the election even though notice of the election was required by law to be given for thirty days and the change took place within the thirty days. In *People* v. *Waite,* 70 Ill. 25, an election was held at a place not designated in the notices, and it was held that one who participated in that election could not declare it void on that account. In this case the county judge was charged with the duty of calling this election. In the order calling the election he reserved the naming of judges and clerks and fixing polling places for a future order, and due public notice of the calling of such election was given as required by the act. The order appointing judges and clerks and fixing polling places and precincts for such election was a public act and record of the official calling the election, of which the citizens of the village had notice. (*City of Chicago* v. *People, supra.*) There is no charge in the bill or amended bills that a full opportunity was not given to all citizens of that village to vote freely upon the proposition. We are of the opinion that the statute justified the calling of and preparation for the election as done and made in this case by the county judge.

Another contention is that some of the certificates and orders of the county judge in the proceedings bear the signature or file-mark of Louis Gauss as the county clerk instead of clerk of the county court. This fact, however, has no legal significance. Paragraph 8 of section 1, chapter 131, of Smith's Statutes, provides, among other things: "The words 'county clerk,' shall be held to include 'clerk

of the county court,' and the words 'clerk of the county court,' to include 'county clerk.'"

It is also contended that the elections are invalid because the county judge made a separate order for calling the election in the city of Peoria. It appears, however, from the bill of complaint that the order calling the election in the city of Peoria was made in accordance with the prayer of the annexation petition presented to the county judge. The act does not require that there shall be but one order on the petition for annexation. The necessities and conditions which were involved in the calling of the two elections in the different municipalities at different dates necessarily required at least two orders to carry into effect in a judicious and just way the submission of the questions involved in the annexation.

Another contention made is that the orders entered contain matters which the county judge had no power or authority to make in connection with the annexation proceedings. It is sufficient to say with reference to this contention that these matters are legally regarded as surplusage. The principle here involved was pointedly referred to in *People* v. *Shaw,* 253 Ill. 597, where it was said that in *People* v. *New,* 214 Ill. 287, the court held "that all orders entered by the county court which were not strictly required by the statute may be deemed surplusage, plainly inferring that the county court had the power to enter certain legal orders with reference to the organization of villages."

It is also contended that the notice given was insufficient because it did not state the polling places in the village of Averyville where the special election was to be held. This point was passed upon in *City of Chicago* v. *People, supra,* where it was held that the failure to state the polling places in the election notice is not an insufficiency or irregularity.

It is apparent from the authorities cited and under the facts averred in the bill of complaint that the annexation

elections held were not invalid and that a large majority of the legal voters of each municipality voted for such annexation. In this state of the record, under the provisions of the Annexation act, after the officers charged with the duty of canvassing the votes had filed or caused to be filed with the clerk of the county court a certificate of the result of such canvass which showed that in each of said municipalities a majority of the voters voted for annexation of the village of Averyville to the city of Peoria, the jurisdiction of the city at once was extended over the territory by said elections annexed, and thereupon it was not only the right but the duty of the city of Peoria and its officers to exercise that jurisdiction over a municipality which has passed out of legal existence by said elections, and therefore to immediately take charge of and control and safeguard the territory annexed as a part of the city and to take possession of and charge and control of the municipal property of the annexed village. The demurrer of the city of Peoria was rightly sustained to the original bill and the bill dismissed for want of equity.

In the amendment to the bill sought to be filed it is alleged that there was not one but fifteen petitions presented to the county judge and fourteen of them did not contain the statutory requirements, and that there were no petitions containing the requisite number of signatures properly verified. The allegations show that the several sheets, which are alleged to constitute fifteen pages, were securely fastened together and the contents of each sheet stated, the first sheet containing all the statutory requirements of a valid petition and the entire document being verified by an affidavit of August C. Grebe, a resident and legal voter of the village of Averyville. From the facts stated in the proposed amended bill it is evident that the papers filed constituted one petition containing all the statutory requirements and the verifying affidavit of Grebe being mentioned in the bill but its contents not being stated, (taking the con-

tents of the amended bill most strongly against the pleader on demurrer,) we must presume, as the county judge and the circuit court both found, that the petition was properly verified.

The only other allegation of the proposed amended bill not contained in the original bill and not elsewhere herein discussed is, that the annexation proceedings were void for the reason that the boundaries between Averyville and the city of Peoria are not continuous, and that between the village and the city there was territory wholly surrounded by the village and the city not a part of either municipality, to-wit, the lands of the Springdale Cemetery Association and the cemetery road, and the bill directs the court's attention to the certificate of the Horton Engineering Company in the plat therein showing the boundaries of the city of Peoria and the village of Averyville so far as they relate to the question we are now discussing. While the amended bill sought to be filed contained an allegation that the lands above mentioned were neither in the village of Averyville nor in the city of Peoria, the plat contained in appellant's bill, upon the basis of which the allegation is made, shows these lands to be situated within the village of Averyville. These two portions of the proposed amended bill are directly contradictory. If we accept the plat as true the lands are a part of the village of Averyville. If the plat is not correct and the lands are not a part of Averyville and are not in any corporation, then the allegation of the bill that they were territory wholly surrounded by the city and village and not a part of either municipality is untrue for the reason that they are not so wholly surrounded.

Appellant insists that the court erred in denying leave to file the amended bill. While in courts of equity greater latitude is given to parties with reference to amendments to pleadings and it is error to deny leave to amend a bill where such denial would have the effect of depriving a

complainant of his day in court, a complainant is not entitled as of right to have leave to amend the bill regardless of what the amendment is to be. (*Dilcher* v. *Schorik,* 207 Ill. 528; *Drew* v. *Drew,* 271 id. 239.) To justify the intervention of a court of equity the bill must allege facts which, if true, would warrant the relief prayed. While the bill in the instant case did not allege the specific grounds of the alleged invalidity of the proceedings but only stated in general terms the conclusions of the pleader, we have treated it as if the specific grounds had been stated. Throughout the case we have entirely disregarded appellees' technical objections as to pleading or procedure and have treated the case on its merits as if the questions raised on argument by appellant had been properly raised by its pleading. While leave to file the proposed amended bill was denied by the circuit court, the record shows it was before that court and there considered. It is contained in the record before this court, and we have considered the same as if it had been filed and a demurrer interposed to it. We have considered all the questions raised to it, and are of the opinion the court did not err in denying leave to file the same for the reason that it did not allege facts which, if true, showed the invalidity of the annexation proceedings and would warrant the intervention of a court of equity. The court, therefore, did not err in denying leave to file the amended bill.

The decree dismissing the bill for want of equity is affirmed.

*Decree affirmed.*

Mr. Justice Dunn, dissenting.