(No. 45323.

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant,
v. NORMAN DEDNAM *et al.,* Appellees.

*Opinion filed November 30, 1973.*

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD P. DROLET, State's Attorney, of Kankakee (JAMES B. ZAGEL and RONALD HANNA, Assistant Attorneys General, of counsel), for the People.

MARTIN J. RUBIN, of Chicago, for appellees.

MR. JUSTICE DAVIS delivered the opinion of the court:

The People appeal from a judgment of the circuit court of Kankakee County dismissing a criminal complaint charging the defendants, Norman Dednam and David W. Lehman, with the offense of knowingly maltreating a person in need of mental treatment, based on section 15—1 of the Mental Health Code of 1967, which provides:

> "Any person who conspires unlawfully to cause, or unlawfully causes, any person to be adjudicated as mentally retarded or in need of mental treatment or as

incompetent or to be detained at, or admitted to or hospitalized in any hospital, or any person who receives or detains any mentally retarded person, or person in need of mental treatment, contrary to this Act, or any person who maltreats any mentally retarded person, or person in need of mental treatment, or any person who knowingly aids, abets or assists or encourages any mentally retarded person, or person in need of mental treatment to be absent without permission from any hospital or custodian in which or by whom such person is lawfully detained, or any person who violates any provision contained in this Act or rule or regulation of the Department hereunder shall, upon conviction, be fined not less than $500 nor more than $1,000, or imprisoned not exceeding one year in a penal institution other than the penitentiary or both." Ill. Rev. Stat. 1971, ch. 91½, par. 15—1.

The complaint charged that the defendants "did, on the 28th day of August, 1971, in the County of Kankakee and State of Illinois, knowingly maltreat a person in need of mental treatment, to wit: Robert L. Baker, while the said Robert L. Baker was then and there a patient at Kankakee State Hospital in said County and State, by certain conduct, to wit: the said David W. Lehman striking the said Robert L. Baker with his hands and fists, and the said Norman Dednam striking the said Robert L. Baker with a wheel." Judgment was entered prior to trial upon the defendants' motion to dismiss, based on the ground that the statute under which the defendants were charged is unconstitutional.

The defendants contend that the statute is vague, indefinite, and uncertain and therefore violative of the provisions of the Illinois and United States constitutions. They argue that the statute is not explicit, and that being penal it fails to delineate the specific conduct that is prohibited, so that everyone can know what acts he must avoid. The People answer that the United States Constitution does not require impossible standards of specificity in penal statutes, but only demands that a penal statute

convey "sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices."

In support of their argument that this statute is vague, indefinite, and uncertain, the defendants assert that neither the word "maltreat" nor the phrase "person in need of mental treatment" are sufficiently definitive, but are obscure, and do not set forth constitutionally sufficient standards.

We will concede that the legislature could well have drafted a more definitive statute, and might have defined "maltreat" more precisely. However, we do not agree that the word is so ambiguous or vague as to render the statute overbroad in the constitutional sense.

A primary purpose of statutory construction is to ascertain the legislative intention. In seeking the intent of the legislature, courts consider not only the language used but also the evil to be remedied and the object to be attained. (*Schoellkopf v. DeVry (1937), 366 Ill. 39, 44.*) Furthermore, it is well settled that, in the absence of statutory definitions indicating a different legislative intention, the courts will assume that words have their ordinary and popularly understood meanings. *Farrand Coal Co. v. Halpin (1957), 10 Ill.2d 507, 510; Bradley Supply Co. v. Ames (1934), 359 Ill. 162;* 34 I.L.P., Statutes, sec. 103.

In *People v. Vandiver (1971), 51 Ill.2d 525,* at page 530, this court stated: "A criminal statute which fails to give adequate notice as to what action or conduct will subject one to criminal penalties is an unconstitutional deprivation of due process of law. (*Jordan v. De George, 341 U.S. 223, 95 L. Ed. 886, 71 S. Ct. 703.*)" If the statute is so obscure that men of common intelligence must necessarily guess at its meaning and differ as to its applicability, it is unconstitutional. *Landry v. Daley (1968), 280 F. Supp. 938, 951.*

We believe that an examination of the statute in question and the objectives sought to be achieved indicate that the legislature intended the widest possible interpreta-

tion to be given the word "maltreat." The ordinary and popularly understood meaning of the term as indicated in Webster's New International Dictionary, Third Ed., p. 1368, is "to treat ill: treat roughly: abuse."

We hold, therefore, that the term "maltreat" is not so vague or indefinite as to be constitutionally void, when coupled with a specific description of those acts which constitute maltreatment. The complaint filed against the defendants herein leaves no doubt as to the nature of the conduct upon which the charge is based.

The defendants also contend that the phrase "person in need of mental treatment" fails to afford adequate notice of the class of persons protected. That phrase, however, is explicitly defined in section 1–11 of the Mental Health Code. (Ill. Rev. Stat. 1971, ch. 91½, par. 1–11.) It is alleged in the complaint that Robert L. Baker, the person "maltreated," was a patient in the Kankakee State Hospital, and we may take judicial notice that that hospital is a State mental health institution. It seems apparent and requires no comment that a patient in such an institution is a "person in need of mental treatment." No uncertainty exists from the language of the complaint that Robert L. Baker, the victim, was a member of the class protected by the statute.

In *Jordan v. De George, 341 U.S. 223, 231, 95 L. Ed. 886, 892, 71 S. Ct. 703, 708,* the Supreme Court stated: "We have several times held that difficulty in determining whether certain marginal offenses are within the meaning of the language under attack as vague does not automatically render a statute unconstitutional for indefiniteness. *United States v. Wurzbach,* 280 U.S. 396, 399 (1930). Impossible standards of specificity are not required. *United States v. Petrillo,* 332 U.S. 1 (1947). The test is whether the language conveys sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices. *Connally v. General Construction Co.,* 269 U.S. 385 (1926)."

For the reasons stated above, we find that the

570

portions of the statute under attack here are neither vague nor indefinite, and that they are not unconstitutional. The statute in question is clearly and understandably applicable to the facts alleged in the complaint; the presumption of constitutionality was not rebutted. *Livingston v. Ogilvie* *(1969), 43 Ill.2d 9, 12; Board of Library Directors v. City* *of Lake Forest (1959), 17 Ill.2d 277.*

The judgment of the circuit court of Kankakee County is reversed and the cause is remanded for further proceedings.

*Reversed and remanded.*