VIETTA E. JACKSON, Plaintiff-Appellee, *v.* WILLIAM F. JACKSON, Defendant-Appellant.

(No. 60027;

First District (3rd Division)—November 20, 1975.

Schiller & Schiller, of Chicago (Levin & Novoselsky, of counsel), for appellant.

Morris L. Simons, of Chicago, for appellee.

Mr. PRESIDING JUSTICE McGLOON delivered the opinion of the court:

This appeal involves an action for divorce commenced by plaintiff, Vietta E. Jackson, and based on the grounds of extreme and repeated physical cruelty. Defendant, William F. Jackson, counterclaimed for divorce on the grounds of desertion and extreme and repeated mental cruelty. After a bench trial, the trial court entered a decree of divorce in favor of plaintiff. In this decree of divorce the trial court awarded plaintiff, *inter alia,* custody of the two children born of the parties during the marriage, $1,000 per month alimony, and $300 per month child support. Subsequent to the decree of divorce, plaintiff's attorney, Morris L. Simons, filed a petition for fees and after a hearing thereon, the trial court ordered defendant to pay Mr. Simons $8,543 in attorney's fees and expenses. Defendant now appeals from both the decree of divorce and the order awarding Mr. Simons attorney's fees and expenses.

On appeal defendant makes the following contentions: (1) the grounds upon which the divorce decree was predicated were barred by condonation; (2) plaintiff was guilty of desertion; (3) the trial court erred in awarding periodic alimony in the absence of any evidence of plaintiff's need therefor, predicated upon an erroneous finding as to defendant's ability to pay and in failing to consider all pertinent factors upon which an award of alimony should be predicated; and (4) that the trial court erred in awarding $8,543 in attorney's fees because the award was not predicated upon the requisite findings as to the financial status of the parties, said award was excessive and that the fair and reasonable nature of the award is not clear on the record.

We affirm in part, reverse in part and remand.

Plaintiff and defendant were married on January 27, 1967. At the time of this marriage, defendant was a widower and had three children by his prior marriage, Brett, Kelly and Diedre, then eight, six and four years old, respectively. These children were adopted by plaintiff subsequent to her marriage to defendant. During their marriage, plaintiff

and defendant had two more children, Michael, born October 31, 1967, and Chad, born August 5, 1970.

On November 4, 1970, plaintiff filed a complaint for separate maintenance or in the alternative for divorce and alleged that the parties had lived and cohabited together from the time of their marriage to June 12, 1970, but that from said date to September 26, 1970, although living in the same premises, the parties had not cohabited together. Plaintiff further alleged that on September 26, 1970, defendant ordered her and the two youngest children to leave the marital home and that from said date plaintiff has been living separate and apart from defendant. Plaintiff's complaint went on to allege, *inter alia*, certain specific acts of physical cruelty committed towards her by defendant, that she was without any means with which to support herself and the children or to pay attorney's fees and costs, and that defendant was gainfully employed and had substantial means with which to provide support and pay attorney's fees.

In July of 1972, pursuant to leave of court, defendant filed both an answer to plaintiff's complaint for divorce and a counterclaim for divorce. In his answer, defendant denied, *inter alia*, that he had committed the alleged acts of physical cruelty, that he had ordered plaintiff and the two minor children to leave the marital home, that plaintiff was without means to support herself and that defendant had the means to support two households.

Defendant's counterclaim for divorce consisted of two counts. In Count I, defendant alleged, *inter alia*, acts on the part of plaintiff toward defendant of both mental and physical cruelty. Count II alleged, *inter alia*, that on or about September 26, 1970, plaintiff wilfully deserted defendant and the three oldest minor children without fault on the part of defendant and that plaintiff persisted in this desertion for more than one year prior to the filing of said countercomplaint.

Defendant then filed an amendment to his answer and countercomplaint in which defendant amended the date of desertion to March 17, 1971. Defendant further filed a motion to strike plaintiff's complaint in which motion defendant alleged that plaintiff returned to the marital home on or about December 24, 1970, and stayed there continuously until on or about March 17, 1971, and that during that period of time the parties enjoyed a full and complete conjugal relationship as husband and wife. This motion to strike plaintiff's complaint alleged that due to the above cohabitation as husband and wife the prior marital offenses were condoned. At trial, plaintiff admitted having returned to the marital home, but explained that she did so at Christmas time for the benefit of the children. Plaintiff further testified that she stayed until around St.

Patrick's Day of the following year and that during that period of time she slept with the baby and had no relations with defendant.

■■ Defendant first contends that the trial court erred in granting plaintiff a decree for divorce because the grounds on which the decree was predicated were barred by condonation. It is well settled that condonation is an affirmative defense requiring defendant to show by a preponderance of the evidence plaintiff's intent to forgive defendant's prior acts alleged as grounds for divorce. (*Deahl v. Deahl* (1973), 13 Ill.App.3d 150, 300 N.E.2d 497; *Farah v. Farah* (1975), 25 Ill.App.3d 481, 323 N.E.2d 361.) Condonation is also forgiveness conditioned on future good behavior (*Quagliano v. Quagliano* (1968), 94 Ill.App.2d 233, 236 N.E.2d 748; *Deahl v. Deahl* (1973), 13 Ill.App.3d 150, 300 N.E.2d 497) and involves a question of intent to be shown by words and deeds that reflect full, free and voluntary forgiveness. *Kovack v. Kovack* (1971), 131 Ill.App.2d 382, 268 N.E.2d 258.

■ It is true, as defendant contends, that the vast majority of cases which discuss condonation involve a situation where one spouse continued to live in the marital home after having filed a complaint for divorce, a situation different from that in the instant case in which plaintiff left the marital home, filed her complaint for divorce and then returned to the marital home. Defendant argues that the fact that plaintiff returned to the marital home after having filed her complaint for divorce creates a presumption of condonation. While we believe that the above fact is a factor to consider in determining whether or not condonation exists, we do not accept defendant's contention that such fact alone creates a presumption of condonation. See *King v. King* (1954), 3 Ill.App.2d 255, 121 N.E.2d 347 (abstract opinion).

■■ It is our decision on appeal that whether or not plaintiff had the requisite intent to forgive shown by words and deeds reflecting full, free and voluntary forgiveness, presented a question of fact for the trier of fact. Plaintiff testified that she returned to the marital home during Christmas time for the benefit of the children and that during the period of her return she slept with the baby and had no relations with defendant. This was contradicted in part by defendant who testified that during that period of time he and plaintiff enjoyed a good relationship, that they slept together and ate their meals together. On the basis of this evidence, we do not find the decision of the trier of fact to be against the manifest weight of the evidence.

■■ Defendant next argues that plaintiff was guilty of desertion because she left the marital home on or about March 17, 1971. Defendant admits that plaintiff's leaving the marital home can be justified if there is a reasonable cause therefor, but contends that no such reasonable cause

exists because the alleged acts of cruelty of defendant were condoned by plaintiff. In light of our ruling above that the trial court's decision that such acts of cruelty were not condoned was not against the manifest weight of the evidence, there exists a reasonable cause for plaintiff's leaving the marital home. Thus, plaintiff cannot be guilty of desertion.

Defendant next contends that the trial court erred in awarding $1,000 per month periodic alimony to plaintiff. Defendant argues that the award of alimony was predicated upon an erroneous finding of defendant's ability to pay alimony, that the trial court failed to consider all pertinent factors upon which an award of alimony should be predicated, and that there is no evidence of plaintiff's need for alimony.

■■ We will first consider defendant's argument that the award of alimony was predicated upon an erroneous finding of defendant's ability to pay. The evidence on this point is voluminous and often times conflicting. Much of the evidence relative to the above point concerned defendant's involvement in a business named B & C Electric Company. In support of its award of alimony the trial court made the finding that defendant owned all the stock of B & C Electric Company, that in 1972 gross receipts of the company totalled $1,250,000, that its net income after taxes exceeded $125,000 and that gross receipts for 1973 would exceed $1,200,000. The record fairly supports this finding. The trial court further received into evidence records of defendant's personal bank account for the years 1970 and 1972 which show defendant's depositing $93,976 in 1970 and $77,940 in 1972. Defendant's salary from B & C from the years 1968 through 1972 ranged from a low of $26,000 in 1970 to a high of $37,250 in 1969. In light of the above evidence which is adequately supported by the record, we cannot say that the trial court's finding that defendant is able to pay $1,000 per month in alimony was erroneous.

■■ Defendant next argues that the trial court awarded alimony without considering all of the factors upon which an award of alimony should be based and without any evidence presented as to plaintiff's need. It is the well-recognized general rule that the amount of an award of alimony rests within the sound discretion of the trial court and will not be set aside unless it is contrary to the manifest weight of the evidence. (*Sandberg v. Sandberg* (1973), 11 Ill.App.3d 495, 297 N.E.2d 654.) However, as defendant correctly points out, the purpose of alimony is to furnish support to the wife and not to visit punitive damages on the husband for any alleged misconduct. (*Borowitz v. Borowitz* (1974), 19 Ill.App.3d 176, 311 N.E.2d 292.) Moreover, an award of alimony must be considered in the context of existing social realities, *i.e.*, the emerging emancipation of women both socially and economically. (*Volid v. Volid*

(1972), 6 Ill.App.3d 386, 286 N.E.2d 42; *Tan v. Tan* (1972), 3 Ill.App.3d 671, 279 N.E.2d 486; *Borowitz v. Borowitz* (1974), 19 Ill.App.3d 176, 311 N.E.2d 292.) It is the well-recognized general rule that the amount of permanent alimony to be awarded in the instant case is to be measured by the needs of the wife in relation to the husband's ability to pay and the parties' station in life. (*Everett v. Everett* (1962), 25 Ill.2d 342, 185 N.E.2d 201; *Honey v. Honey* (1970), 120 Ill.App.2d 102, 256 N.E.2d 121.) Other factors that the court should consider in awarding alimony are the respective ages of each party, their health, social conditions and whether or not a party is supporting children. *Honey v. Honey* (1970), 120 Ill.App.2d 102, 256 N.E.2d 121; *Chalmers v. Chalmers* (1961), 31 Ill.App.2d 1, 175 N.E.2d 613.

■■ In the instant case, while there is evidence indicating that defendant is able to pay the amount of alimony awarded and further evidence tending to establish the standard of living of the parties while they were married, the record is totally barren of any evidence establishing plaintiff's need. The record is further lacking of any evidence as to the ages of the parties or their state of health. Since the underlying purpose of alimony is to furnish support for the recipient thereof and the record in the instant case contains no evidence of plaintiff's need, it is our decision to vacate that part of the order of the trial court awarding plaintiff $1,000 per month in alimony and remand the cause for a hearing on plaintiff's need and the health and ages of the parties.

■■ Defendant's final contention concerns the trial court's order awarding plaintiff's attorney $8,543 in fees and costs. This order, entered on December 13, 1973, and providing that there was no just reason to delay the enforcement or appeal of the judgment, was based upon a hearing held on December 11, 1973, concerning plaintiff's attorney's petition for fees filed on November 14, 1973. As to the above order awarding attorney's fees, defendant filed no post-trial motion nor did he file his notice of appeal within the 30-day period. (Ill. Rev. Stat. 1973, ch. 110A, par. 303(a).) Defendant filed a motion with this court to file a late notice of appeal pursuant to Supreme Court Rule 303(e) (Ill. Rev. Stat. 1973, ch. 110A, par. 303(e)) and said motion was ordered denied by this court. Under such circumstances, the issue of the propriety of the trial court's order awarding $8,543 in fees and costs is not properly before this court.

Judgment affirmed in part; reversed in part; and cause remanded.

DEMPSEY and MEJDA, JJ., concur.