SANDRA KAY AYERS, Petitioner-Appellee, *v.* BILLY ALAN AYERS, Respondent-Appellant.

Fourth District   No. 14777

Opinion filed July 14, 1978.

TRAPP, J., dissenting.

Richard W. Hopp, of Fuller, Hopp and Barr, P. C., of Decatur, for appellant.

Rosenberg, Rosenberg, Bickes & Johnson, Chartered, of Decatur (Wayne L. Bickes, of counsel), for appellee.

Mr. PRESIDING JUSTICE GREEN delivered the opinion of the court:

This case concerns the distribution of property under the new Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1977, ch. 40, pars. 101 through 802) which became effective October 1, 1977.

Prior to October 1, 1977, plaintiff Sandra Ayers brought suit in the circuit court of Macon County against defendant Billy Alan Ayers and the case was heard on the merits. On October 28, 1977, a decree was entered dissolving their marriage and disposing of the property of the parties in a manner purporting to follow the terms of the new act. Defendant appeals, complaining only of the disposition of the property. The parties agree that the trial court applied the proper law in reaching its decision.

The new act classifies the property of the parties of the marriage being dissolved as either marital property or nonmarital property (Ill. Rev. Stat. 1977, ch. 40, par. 503(a)). Most property acquired by either marital partner during the marriage is marital property. However, if the property is acquired by a partner as a result of a gift or before marriage or after a judgment of legal separation, the property is nonmarital as is property acquired in exchange for property acquired by gift or property acquired before marriage (Ill. Rev. Stat. 1977, ch. 40, par. 503(a)). Determination of the rights to appreciation in the value of property are more complicated.

The decree (1) found all of the parties' property to be marital property, (2) awarded all of the personal property except plaintiff's clothing to defendant, including the proceeds of previous sales of two vehicles, (3) awarded plaintiff an unimproved 10-acre tract of realty in Mt. Zion owned by the parties in joint tenancy, and (4) provided that these property awards were subject to the indebtedness standing as liens thereon which indebtedness the awardee was ordered to assume and hold the other spouse harmless thereon.

The parties agree that (1) the 10-acre tract was purchased in 1972 for $10,000, (2) $5000 was paid as a down payment with funds given to plaintiff by her grandmother, (3) the balance was financed by a $5000 mortgage payable in $100 monthly installments, (4) the mortgage payments were made with marital funds, and (5) at the time of the decree $1000 was still owing on the mortgage. No evidence was introduced at trial as to the then value of the tract.

Section 503(c) of the new act (Ill. Rev. Stat. 1977, ch. 40, par. 503(c)) states that in dividing marital property, the court shall disregard the fault of the parties and consider "all relevant factors" including "(1) the contribution or dissipation of each party in the acquisition, preservation, or depreciation or appreciation in value, of the marital and nonmarital property, including the contribution of a spouse as a homemaker or to the family unit; (2) the value of the property set apart to each spouse; * * * (4) the relevant economic circumstances of each spouse when the division of property is to become effective, * * * (7) the age, health, station, occupation, amount and sources of income, vocation skills, employability, estate, liabilities, and needs of each of the parties; * * * (9) whether the apportionment is in lieu of or in addition to maintenance; and (10) the reasonable-opportunity of each spouse for future acquisition of capital assets and income."

Defendant's theory is that the real estate was nonmarital property belonging to plaintiff to the extent that she had provided the $5000 for the original down payment but that the court could not make an award of the balance of the property without evidence of the present value of the property and erred in doing so. If there was any error in the court's determination that the real estate was all marital property, defendant was not injured because the nonmarital property would have been awarded to plaintiff as a matter of law (Ill. Rev. Stat. 1977, ch. 40, par. 503(c)).

The heart of defendant's argument is that without knowing the value of the real estate, the court did not know the relative values of the awards made. He cites *Wilson v. Wilson* (1965), 56 Ill. App. 2d 187, 205 N.E.2d 636; *Jackson v. Jackson* (1975), 34 Ill. App. 3d 407, 339 N.E.2d 764; and *Jones v. Jones* (1964), 48 Ill. App. 2d 232, 198 N.E.2d 195, all divorce cases where awards of property or money were set aside on review where no evidence was presented to support the decree. He also cites *Bergan v. Bergan* (1976), 42 Ill. App. 3d 740, 356 N.E.2d 673, where a grant of child support and attorney's fees was set aside where the evidence was vague as to the assets and income of the parties and their needs and those of their children. Here, although there was no direct testimony of the present value of the land, the evidence indicated that its purchase had occurred about five years earlier. Ordinarily, in the absence of other evidence, such a sale would be some indication of value.

Moreover, the value of the properties of the parties is only one criterion for the court to consider in dividing the marital property. Here, the court could also consider that plaintiff had furnished the original $5000 for the purchase from money given her by her grandmother. Both plaintiff and her grandmother testified that their oral agreement with defendant was that it was not intended that defendant should have the real estate in the event of a divorce. Although defendant's testimony was at variance to this, the court could have believed plaintiff and her grandmother and concluded that plaintiff did not intend to make a gift placing the property in joint tenancy.

Defendant was shown to be making $12,000 to $13,000 a year as a factory production line worker. Evidence of plaintiff's earning capacity was less certain. She was an X-ray technician and had worked part-time during the marriage. During the four months prior to the parties separation, she worked full-time at $150 per week which would equal an annual salary of less than $8000. She was awarded no maintenance (the new act's substitute for alimony). Although the value, if any, of the personal property was not shown, defendant did receive $1600 from the sale of two vehicles. Assuming the real estate to have had only a normal inflationary appreciation in value from the time of its purchase and considering the criterion set forth in the new act, the court's division of the property was supported by the evidence.

Defendant filed a petition for rehearing contending that the real estate had a value of between $25,000 and $30,000 and that the court had abused its discretion in awarding property of such great value to plaintiff and of so little value to defendant. Attached to the petition were two documents. One purported to be a copy of a June 25, 1976, contract between the parties as vendors and another husband and wife as purchasers for the sale of the property for $25,000 with a down payment of $1000 with the balance to be paid within one year. The contract was conditioned upon the purchasers' ability to sell property of their own and was shown on its face to have been cancelled. Also attached was an offer of an individual stated to be for the purchase of the entire quarter section which contained the 10 acres. The price therein designated was $30,000. It was dated October 14, 1977, more than two weeks after the hearing.

Defendant concedes that his request does not come within the rule for the granting of a new trial because of newly discovered evidence. Nothing precluded the defendant from putting on evidence as to value of the tract. Even if he had proceeded upon the assumption that the case was to be decided under the old act, evidence of value would have been expected as being relevant to proof of the extent of the parties' special equities in the tract. The contingent nature of the agreement shown in the contract attached to the petition for rehearing casts considerable doubt

upon the likelihood of a sale for $25,000 having been obtainable by the parties. The second document is somewhat suspect because of the description of the property covered and its late date. Under all the circumstances, we do not conclude that the trial court abused its discretion in denying a rehearing.

Because we deem the court's disposition of the property to be justified by the evidence presented, we affirm.

Affirmed.

MILLS, J., concurs.

Mr. JUSTICE TRAPP, dissenting:

The evidence on property rights was introduced some three weeks prior to the effective date of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1977, ch. 40, par. 101 *et seq.*). Subsequent to such effective date, the trial court made its findings which were incorporated in a decree purporting to dispose of the property under the provisions of the subsequently effective statute (Ill. Rev. Stat. 1977, ch. 40, par. 503). Such decree found and purported to dispose of all property as marital property.

Section 503(c) of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1977, ch. 40, par. 503(c)) includes as criteria for the disposition of marital property:

> "It also shall divide the marital property without regard to marital misconduct in just proportions considering all relevant factors, including:
>
> (1) the contribution or dissipation of each party in the acquisition, preservation, or depreciation or *appreciation* in value, of the *marital and non-marital property*, including the contribution of a spouse as a homemaker or to the family unit:
>
> (2) the value of the property set apart to each spouse; * * *."
> (Emphasis added.)

At the time of the trial these criteria were not operative and evidence of value was not introduced. In effect there was some division in kind of personal property. At the time of the hearing, realty in joint tenancy would be left in that tenancy between the parties unless there was a showing of special equities, a conveyance was ordered in lieu of alimony, or partition was prayed and ordered. The trial court made no finding as to any of such dispositions but treated the joint estate as marital property. That treatment was necessarily made without any regard for the statutory criteria quoted.

The principal opinion appears to affirm upon an hypothesis that:

"If there was any error in the court's determination that the real estate was all marital property, defendant was not injured because the nonmarital property would have been awarded to plaintiff as a matter of law (Ill. Rev. Stat. 1977, ch. 40, par. 503(c))."

The record does not clearly show that the joint estate was of nonmarital property as a matter of law. Upon the apparent facts the opposite conclusion is necessary for the joint tenancy was created subsequent to the marriage and the husband made some undetermined contribution toward the purchase of the property.

Since the trial court clearly did not follow the terms of the statute under which he undertook to dispose of the joint estate, I would conclude that it was an abuse of discretion to deny the motion to reopen for hearing evidence required under the statute. I would reverse and remand for further proceedings.