*In re* MARRIAGE OF JANET P. THOMPSON, Petitioner-Appellee, and VENAN E. THOMPSON, JR., Respondent-Appellant.

First District (3rd Division)   No. 78-1720

Opinion filed August 22, 1979.—Supplemental opinion filed on denial of rehearing December 19, 1979.

Bernard Hammer, Ltd., of Chicago, for appellant.

Friedman, Armstrong & Donnelly, of Chicago, for appellee.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Respondent, Venan E. Thompson, Jr., appeals from a judgment of the circuit court of Cook County which made a distribution of the parties' marital property under the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1977, ch. 40, pars. 101-802), which became effective October 1, 1977. On September 30, 1977, petitioner, Janet P. Thompson, was granted a divorce and was awarded custody of the parties' three children. (Neither the decree of divorce nor the order of custody are involved in this appeal.) After the effective date of the new act, the trial court conducted a hearing and entered an order disposing of the parties' marital property. On appeal respondent contends that the new act is unconstitutional in several respects; that the trial court erred in the disposition of the parties' real estate; and that the court erred in parts of its order relating to child support.

On June 14, 1978, the trial court conducted a hearing concerning the disposition of property. Both sides submitted real estate appraisals of the fair market value of the marital residence, which was occupied by petitioner and the children. The appraisal offered by petitioner indicated that the residence had a present fair market value of $62,500, while that submitted by respondent set the value at $76,000. The trial court ordered an independent appraisal, but those results were not disclosed. There was a mortgage of approximately $25,000.

The residence had been purchased by the parties in 1967 for $40,000. The down payment for the home had come from an inheritance received by respondent. The proceeds of the inheritance also paid for the furniture. Petitioner's parents at the time gave the parties an additional $3,000. Through 1973, respondent was employed at a hospital while petitioner was a homemaker. Beginning in 1974, petitioner became employed and, by 1976, the mortgage payments were being paid exclusively from funds earned by petitioner. At the time of the hearing, petitioner had a take-home pay of $480 a month; respondent's take-home pay was $1400 a month. Respondent had assumed the payment of family debts amounting to $2676, and he maintained life insurance policies for the benefit of the minor children. At the conclusion of the hearing, the trial court made certain rulings pertinent to the appeal. The court found that there was an arrearage of $377.50 in temporary child support. The court awarded petitioner attorney's fees, and ordered respondent to pay for any future extraordinary medical, hospital, or dental expenses of the minor children. The court awarded petitioner the marital residence, subject to a lien interest for respondent in the amount of $17,000. Petitioner was not required to pay respondent the $17,000 until one of the following events occurred: the subsequent remarriage of petitioner; the

emancipation of all the minor children of the parties (this would occur on October 3, 1984); or the cohabitation of petitioner with another person.

On appeal, respondent contends that the Act is unconstitutional. He initially argues that it is invalid because it encompasses more than one subject in violation of article IV, section 8(d) of the 1970 Illinois Constitution. He states that the Act includes marriage, dissolution of marriage, public aid, civil procedure, child custody, property, and probate.

■■ The constitutional requirement that no act shall encompass more than one subject was designed to prevent the joinder of incongruous and unrelated matters in one act. (*People ex rel. Royal v. Cain* (1951), 410 Ill. 39, 101 N.E.2d 74; *Village of Averyville v. City of Peoria* (1929), 335 Ill. 106, 166 N.E. 488.) Section 8(d) of article IV is not a limitation on the comprehensiveness of a subject. (*People ex rel. Ogilvie v. Lewis* (1971), 49 Ill. 2d 476, 274 N.E.2d 87; *Co-ordinated Transport, Inc. v. Barrett* (1952), 412 Ill. 321, 106 N.E.2d 510.) The term "subject," in the constitutional sense, is comprehensive in scope. (*Stein v. Howlett* (1972), 52 Ill. 2d 570, 289 N.E.2d 409; *Jordan v. Metropolitan Sanitary District* (1958), 15 Ill. 2d 369, 155 N.E.2d 297.) An act may include all matters germane to a general subject, including the means and methods reasonably necessary or appropriate for the accomplishment of the legislative purpose and including any other provisions not inconsistent with, or foreign to, the general subject of the act. *People ex rel. Gutknecht v. City of Chicago* (1953), 414 Ill. 600, 111 N.E.2d 626; *Michaels v. Barrett* (1934), 355 Ill. 175, 188 N.E. 921; *Public Service Co. v. Recktenwald* (1919), 290 Ill. 314, 125 N.E. 271.

■■ The Illinois Marriage and Dissolution of Marriage Act was enacted to create a uniform law governing domestic relations. The provisions questioned by respondent merely define the nature and scope of the Act's operation and relate to the firm establishment and maintenance of a comprehensive system regulating this single subject. All the provisions are germane to domestic relations and are reasonably necessary to accomplish the legislative purpose. We find no violation of the single-subject requirement of the 1970 Illinois Constitution.

■■ Respondent also contends that the Act is violative of due process because it is vague and without fixed standards regarding the distribution of marital property. He asserts that distribution is left solely to the unfettered discretion of the trial court, guided only by nebulous factors. The Act provides in relevant part:

> "[The trial court] shall divide the marital property without regard to marital misconduct in just proportions considering all relevant factors, including:

(1) The contribution or dissipation of each party in the acquisition, preservation, or depreciation or appreciation in value, of the marital and nonmarital property, including the contribution of a spouse as a homemaker or to the family unit;

(2) the value of the property set apart to each spouse;

(3) the duration of the marriage;

(4) the relevant economic circumstances of each spouse when the division of property is to become effective, including the desirability of awarding the family home, or the right to live therein for reasonable periods, to the spouse having custody of the children;

(5) any obligations and rights arising from a prior marriage of either party;

(6) any antenuptial agreement of the parties;

(7) the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate, liabilities, and needs of each of the parties;

(8) the custodial provisions for any children;

(9) whether the apportionment is in lieu of or in addition to maintenance; and

(10) the reasonable opportunity of each spouse for future acquisition of capital assets and income." (Ill. Rev. Stat. 1977, ch. 40, par. 503(c)(1-10).)

A statute is unconstitutionally vague if the terms are so ill-defined that the ultimate decision as to its meaning depends on the whims of the triers of fact rather than upon objective criteria or facts. (*People v. Pembrock* (1976), 62 Ill. 2d 317, 342 N.E.2d 28.) Yet it is only where a statute is so indefinite and uncertain that courts are unable to determine what the legislature intended, or where the statute is so incomplete or inconsistent that it cannot be executed, that the law will be invalidated by reason of indefiniteness or uncertainty. (*Tometz v. Board of Education* (1968), 39 Ill. 2d 593, 237 N.E.2d 498; *People ex rel. Drobnick v. City of Waukegan* (1954), 1 Ill. 2d 456, 116 N.E.2d 365.) Due process is not a fixed concept unrelated to time, place and circumstances. (*Andrews v. County of Madison* (1977), 54 Ill. App. 3d 343, 369 N.E.2d 532.) Rather, it is a flexible concept and requires a consideration of the legislative objective and purpose in determining whether a statute is unconstitutionally vague. *People v. Schwartz* (1976), 64 Ill. 2d 275, 356 N.E.2d 8; *People v. Dednam* (1973), 55 Ill. 2d 565, 304 N.E.2d 627.

The purpose of section 503(c) is to divide the marital property without regard to marital misconduct in just proportions considering all relevant factors, including those set forth in the section, in order to promote the amicable settlement of disputes between the parties to a

marriage and mitigate the potential harm to the spouses and children caused by the process of legal dissolution of marriage. Respondent claims that "just proportions" and "all relevant factors" are not further defined. We do not believe they need be. (See *Fournier v. Fournier* (Me. 1977), 376 A.2d 100.) The factors articulated in section 503(c) are not exclusive, but are general, objective criteria for the express purpose of arriving at a just distribution of marital property. Such a just distribution will necessarily vary depending upon the particular facts and circumstances of each case.

■ Respondent's next contention that the Act violates due process because its retroactive application impairs vested property rights was decided adversely to his position by our supreme court in *Kujawinski v. Kujawinski* (1978), 71 Ill. 2d 563, 376 N.E.2d 1382. That holding is dispositive of the issue.

Respondent also contends that the Act is unconstitutional because it treats married people differently than unmarried persons. He argues that only persons whose marriages have been dissolved are subject to a present deprivation of property based upon the reasonable opportunity of each person to acquire capital assets and income in the future. Ill. Rev. Stat. 1977, ch. 40, par. 503(c)(10).

■■ The legislature may differentiate between persons similarly situated as long as the classification bears a reasonable relationship to a legitimate legislative purpose. (*Kujawinski v. Kujawinski.*) The person challenging the statute has the burden of negating the existence of any facts which may reasonably be conceived to sustain it. *Schilb v. Kuebel* (1970), 46 Ill. 2d 538, 264 N.E.2d 377.

We believe a consideration of factors such as the future earning potential of the persons involved and their ability to acquire capital assets is reasonably related to a legitimate objective. A dissolution of marriage, by its nature, has a major economic and social impact upon the parties. The legislature has recognized both the short term and long range effects of such dissolution on the parties, and has expressly provided the means and methods to mitigate the potential harm to the spouses and children caused by the process of dissolution of marriage, and to make reasonable provision for the spouses and minor children during and after litigation. (Ill. Rev. Stat. 1977, ch. 40, par. 102.) Respondent has failed to show how a classification based upon marital status improperly discriminates against persons whose marriage has been dissolved or that the classification bears no rational relationship to an articulated legislative purpose. Accordingly, we find no violation of equal protection.

Respondent also contends that the trial court erred in certain provisions of the child-support order. He initially argues that the court erred in finding that he was in arrears in the amount of $377.50 on a support order previously entered.

On May 19, 1977, the trial court ordered respondent to pay for the support of the parties' three children. Although the oldest child had attained his majority, the court found him to be a dependent. On October 1, 1977, the new act provided that support for a child who had attained majority was permitted only if the child was mentally or physically disabled. (Ill. Rev. Stat. 1977, ch. 40, par. 513.) On November 4, 1977, respondent filed a petition requesting that, since the oldest child was an adult and not disabled, the amount of support ordered on May 19, 1977, be reduced by one-third. On June 14, 1978, the trial court reduced monthly child support, but also ordered respondent to pay the entire support accruing through January 1978, a total of $377.50. The trial court improperly determined that there was an arrearage in the support due from November 1977 through January 1978, in connection with support for the oldest child. Although there was some testimony regarding the oldest child's return home and of his incapacity, there was no finding that the child was disabled. The court, therefore, under the Act, improperly ordered further support for the child who had attained his majority. The court recognized this factor as to future payments, but incorrectly held that there was an arrearage of $377.50.

We find no merit in respondent's contention that the trial court erred in requiring him to pay future extraordinary medical expenses and hospitalization insurance premiums for the minor children. The court had before it the financial position and particularly the net income of both parties, and there was no impropriety in determining that the minor children's extraordinary medical expenses and hospitalization premiums should be borne solely by respondent.

Respondent finally contends that the trial court erred in determining his interest in the marital residence. Respondent maintains that it was improper for the trial court not to make specific findings of fact regarding the fair market value of the residence and that the court's award to him of a $17,000 interest was inadequate.

The trial court, in distributing marital property, does not have to make specific findings of fact as to the value of each item in dispute. It is not always necessary that the facts on which an order is based be set out. (*Jones v. Jones* (1964), 48 Ill. App. 2d 232, 198 N.E.2d 195; see also *Glassman v. Glassman* (1971), 133 Ill. App. 2d 608, 273 N.E.2d 252 (abstract); *Hellrung v. Hellrung* (1947), 331 Ill. App. 173, 72 N.E.2d 647 (abstract).) We hold therefore, that the trial court did not commit reversible error in failing to make a specific finding of fact as to the fair market value of the marital residence.

We believe, however, that the trial court erred in awarding respondent a fixed value of $17,000 as his interest in the residence when

that interest was conditioned upon the happening of one of three future events. Since one of the possible conditions was the youngest child's attainment of majority, the respondent might not be able to redeem any interest for approximately seven years. While arithmetic equality is not required in the distribution of marital property, it must be distributed by the trial court in just proportions. (Ill. Rev. Stat. 1977, ch. 40, par. 503(c).) It would be manifestly unfair under the facts and circumstances not to allow respondent to acquire an immediate interest. It would also be unfair to petitioner to compel her to sell the marital residence at this time. We believe, rather, that fairness requires respondent to share in any appreciation of his interest in the marital residence. The trial court indicated that respondent's $17,000 interest represented approximately one-half of the equity in the marital premises. The trial court also recognized that the parties had received $3000 from petitioner's parents. We hold, therefore, that when the marital residence is sold, rather than $17,000, respondent, after the mortgage is paid, is entitled to a one-half interest in the marital residence. We further hold that respondent's appreciated one-half interest shall be subject to credits accruing to petitioner for reduction of the mortgage for any capital improvements she makes, and for the $3000 received from her parents.

Accordingly, the judgment of the circuit court of Cook County ordering respondent to pay all future extraordinary medical expenses and hospitalization premiums for the minor children is affirmed; the judgment finding respondent to be in arrearages in child support in the sum of $377.50 is reversed. That part of the order awarding respondent $17,000 interest in the marital residence at the time of sale is reversed and respondent is granted a one-half interest in the premises less the credits accruing to petitioner at the time of the sale.

Affirmed in part; reversed in part.

SIMON, P. J., and RIZZI, J., concur.

SUPPLEMENTAL OPINION ON DENIAL OF REHEARING

Mr. JUSTICE McNAMARA delivered the opinion of the court:

In a petition for rehearing, petitioner has requested that she be permitted at the present time to pay respondent his interest in the marital residence without awaiting the occurrence of any of the three events designated by the trial court. Petitioner asks that this payment be accomplished by means of a current appraisal of the residence. In response, respondent has urged a public sale of the residence in order to

avoid the unfair effect of what he describes as a temporary but depressed condition of the real estate market.

We reject respondent's request for a public sale. However, we direct the trial court to appoint an appraiser to make a valuation of the residence. We further order that respondent be given leave to set an appraisal date on 30 days written notice to petitioner. Such appraisal date is to be designated by respondent not earlier than March 1, 1980, and not later than September 1, 1980. The court-appointed appraiser shall make an appraisal of the residence as of the appraisal date, but not later than September 1, 1980.

Within 60 days after the appraisal of the premises, petitioner is to pay respondent an amount computed as follows: the appraised value of the residence less the following: mortgage indebtedness; amounts paid by petitioner to reduce mortgage indebtedness after June 14, 1978; amounts paid by petitioner for capital improvements after June 14, 1978; and the cost of appraisal. This sum is to be divided by one-half and then reduced by $3,000, and this amount, but in any event no less than $17,000, is to be paid to respondent by November 1, 1980.

In all other respects, we adhere to the conclusions and findings of our original opinion. Accordingly, the cause is remanded for further proceedings consistent with the views expressed herein.

Affirmed in part; reversed in part and remanded.

SIMON, P. J., and RIZZI, J., concur.