*In re* MARRIAGE OF TERRI LYNN WOOLSEY, Petitioner-Appellee, and DANNY JOE WOOLSEY, Respondent-Appellant.

Fourth District   No. 15821

Opinion filed June 25, 1980.

CRAVEN, J., specially concurring.

Greaves, Lerner & Gadau, of Champaign, for appellant.

Vernon Houchen, of Monroe, Wilson, Dyar, Houchen, McDonald & Taylor, of Decatur, for appellee.

Mr. PRESIDING JUSTICE MILLS delivered the opinion of the court:

The question: How should the marital residence be dissected?

Danny Joe Woolsey (husband) appeals from a judgment which dissolved his marriage to Terri Lynn Woolsey (wife), awarded custody of the minor children to the wife, ordered the husband to pay child support, and divided the parties' marital property. In this appeal, only that portion of the judgment which disposed of the marital residence is attacked, and

the husband has presented various reasons in support of his claim that the judgment, as entered, cannot stand.

We affirm.

The portion of the judgment of which the husband complains awarded the wife exclusive use and possession of the marital residence until the youngest child reaches majority or otherwise becomes emancipated, the wife remarries, or she relinquishes possession of the residence. When the first of these events occurs, the residence is to be sold and the husband is to receive one-half of the net equity to be determined as of the date of the judgment of dissolution and the wife is to receive the balance.

Initially, the husband contends that the trial court erred because it failed to make an explicit finding as to the value of the marital residence. The case upon which the husband relies for this argument does not support his position. In *In re Marriage of Olsher* (1979), 78 Ill. App. 3d 627, 397 N.E.2d 488, the court reversed a judgment which had divided the marital property of the parties. The reason for the reversal was not the absence of specific findings as to value but the absence of *evidence* indicating the value of certain stock of a closely held corporation. In the absence of such evidence the trial court was found to have abused its discretion because this omission made it impossible for the court to divide the marital property in "just proportion" as required by the statute. Moreover, in *Ayers v. Ayers* (1978), 61 Ill. App. 3d 936, 378 N.E.2d 792, we affirmed a division of marital property even though the trial court had not assigned a specific value to certain real estate. In *Ayers*, there was some evidence of the property's value, and the court's division of the property was supported by the evidence.

■■ In the present case, both the husband and the wife testified that the value of the marital residence was about $50,000. At the time of trial, the indebtedness still owing on this residence was approximately $20,000. Unlike *Olsher*, we here have competent evidence as to the value of the property. Although it would have been preferable for the court to make a specific finding as to the value of the residence, such finding was not mandatory. (*In re Marriage of Thompson* (1979), 79 Ill. App. 3d 310, 398 N.E.2d 17.) Therefore, the husband's argument on this issue must necessarily fail.

Respondent next challenges the court's division because the wife's petition for dissolution of the marriage requested only that she be granted exclusive use and possession of the marital residence. Had the wife's petition included a request that the court fix the parties' interest in the marital residence, the husband contends he would have sought partition and requested immediate sale of the residence.

■■ We reject this contention for two reasons. First, the wife's petition

also requested such other relief as may be equitable. Additionally, the husband correctly cites *Schuppe v. Schuppe* (1979), 69 Ill. App. 3d 200, 387 N.E.2d 346, for the proposition that in a divorce case, where the parties own property in joint tenancy, one joint tenant has a right to partition the premises. But, in stating that there was a right to partition, the *Schuppe* court relied upon the case of *Heldt v. Heldt* (1963), 29 Ill. 2d 61, 193 N.E.2d 7. *In Heldt*, the supreme court stated that the right to partition, in the absence of special equities, is absolute, but that case was decided under the prior divorce act. Our new act provides that an action for partition may be maintained in a dissolution case but such action is subject to the other provisions of the new act (Ill. Rev. Stat. 1977, ch. 40, par. 514). Among the limitations imposed by other provisions of the new Marriage and Dissolution of Marriage Act is the power of the court to divide the marital property in just proportions. The right to partition is further limited by the provision of the new act, which requires the court to consider the desirability of awarding the family home, or the right to live therein for reasonable periods, to the custodial spouse. (Ill. Rev. Stat. 1977, ch. 40, par. 503(c)(4).) Therefore, the husband had no absolute right to partition, and the court did not err in awarding the wife possession of the marital home until the youngest child becomes emancipated. And even though this event may not occur for nine years, we conclude that the period of possession awarded the wife is not unreasonable.

■■ The husband finally argues that the record is devoid of evidence to suggest a less-than-equal split and that it was error to fix his interest in the marital home as of the date of the dissolution rather than giving him a continuing interest so that he may benefit from any increase in the value of the home between the date of dissolution and the eventual sale of the premises.

We disagree.

We recognize that our sister court has ruled that it was error to award a husband a fixed interest in the marital residence rather than allowing the husband to share in any appreciation. (*In re Marriage of Thompson.*) However, contrary results have been reached in States with statutes similar to our own. (*In re Marriage of Montague* (Colo. App. 1975), 539 P.2d 135.) And the husband acknowledges that an equitable division of the marital property does not inevitably lead to an equal division.

Under the circumstances of the present case, we believe that the trial court's decision was not an abuse of discretion. (*In re Marriage of McMahon* (1980), 82 Ill. App. 3d 1126, 403 N.E.2d 730.) Among the factors the court is to consider in dividing the marital property under section 503(c) are the relevant economic circumstances of the parties, their occupations, income and skills, and the reasonable opportunity of

each for the future acquisition of capital assets and income. The evidence presented in the trial court clearly indicates that the husband's economic situation is superior to that of the wife. His income in 1978 was almost $12,000 while she was, at the time of trial, earning only $90 per week. The husband is the manager of Crown Finance and through his employer he participates in a profit sharing or pension plan, while there is no evidence to suggest that the wife enjoys a similar arrangement.

The trial court directed each party to satisfy certain debts of the marriage and awarded each the automobile in his possession. While the husband was initially ordered to pay $400 as partial child support, this amount was reduced to $40 per week for each of the party's two children. Medical and hospitalization insurance on the children is to be maintained by the husband, but the parties were ordered to divide any unreimbursed medical, dental, and hospital bills. The wife was granted possession of the marital home, but she was also ordered to satisfy the mortgage indebtedness on the residence and to pay the taxes, insurance, and maintenance costs of the home. In light of the husband's greater opportunity to acquire additional assets in the future, we conclude that the trial court did not err in fixing the husband's interest in the marital home as of the date of the dissolution.

Affirmed.

GREEN, J., concurs.

Mr. JUSTICE CRAVEN, specially concurring:
The trial court has no inherent power to deal with other people's property. Section 503(c) of the act is the only source of the trial court's power for dividing the parties' marital property. Accordingly, our inquiry on review of the trial court's disposition of marital property must be whether the trial court properly complied with section 503(c) of the act. See *In re Marriage of McMahon* (1980), 82 Ill. App. 3d 1126, 1134, 403 N.E.2d 730, 736 (dissent).

The record indicates that the trial court did comply with section 503(c) of the act. Therefore, I agree that the judgment of the trial court should be affirmed.