*In re* MARRIAGE OF DIANE J. KUSH, Plaintiff-Appellee, and RICHARD L. KUSH, SR., Defendant-Appellant.

Third District    No. 81-620

Opinion filed May 12, 1982.

Winston J. Block, of Cirricione, Block, Krockey and Cernugel, P. C., of Joliet, for appellant.

William J. Phelan, of Schenk, Andreano, Duffy, Quinn, McNamara & Phelan, of Joliet, for appellee.

JUSTICE ALLOY delivered the opinion of the court:

The defendant, Richard L. Kush, Sr., appeals from a judgment of the trial court awarding custody of the parties' two minor children to the plaintiff, Diane J. Kush. The defendant also appeals the trial court's decision to award the marital home to the plaintiff.

Although the defendant recited the details of the trial in his 25-page statement of facts, it is only necessary to indicate the most relevant facts for the purposes of this appeal. Richard and Diane Kush were married in March 1970 and divorced in November 1980. They have an 11-year-old son and a 9-year-old son. Mr. Kush manages an apartment complex and has a bachelor's degree in business, a real estate broker's license and some credits towards a master's degree. He has a net income of approximately $200 per week and has a free apartment in the complex that he manages.

Mrs. Kush lives in the former marital home with the two children. She is a teacher's aide at a development center for children with learning disabilities and behavioral disorders. Her hours are 8 in the morning to 3:30 in the afternoon. She is also in her senior year of college at Governor's

State University. She attends classes in the evenings and expects to receive a bachelor's degree in June 1982 and a master's degree in December 1983.

The trial court awarded custody of the children to Mrs. Kush, finding that she adequately cares for and supervises the children. In reaching its decision, the trial court also considered the relationship between the parents and the children and the adjustment of the children to the home, neighborhood and school. The trial court also awarded the marital home to Mrs. Kush. This home is the largest marital asset of the parties. They purchased this home in 1972 for $29,000. It is now worth between $45,000 and $50,000. Approximately $22,000 is left on the mortgage. The couple used part of Mrs. Kush's $10,000 inheritance to meet the mortgage payments. Although those payments were four months delinquent at the time the couple separated, Mrs. Kush has since worked to make the payments current. In addition, she borrowed over $3,000 from her family to meet the mortgage payments since the couple separated. The trial court, as part of its order, directed Mrs. Kush to assume the mortgage payments and all current and delinquent property taxes.

The trial court also ordered Mr. Kush to pay approximately $4,000 in marital debts and to pay $25 per week, per child, in child support. The court also extinguished Mr. Kush's $655 liability for delinquent mortgage payments and his $1,630 arrearage in child-support payments. There are no appeals from these parts of the trial court order.

Mr. Kush first complains that the trial court's custody determination is contrary to the manifest weight of the evidence and an abuse of discretion. He argues that Mrs. Kush has far too burdensome work and academic schedules to properly care for the children, and that his flexible schedule and ability to spend more time with the children necessitate custody of them as a matter of law.

■■ It is well-settled that the discretion of a trial court in awarding custody of children will not be disturbed unless contrary to the manifest weight of the evidence or unless manifest injustice would result. (*In re Custody of Switalla* (1980), 87 Ill. App. 3d 168, 175, 408 N.E.2d 1139.) The strong presumption in favor of the trial court's determination rests on its superior position to analyze the credibility of the witnesses and the needs of the children. (*Switalla.*) In the instant case, the record indicates that Mrs. Kush relies heavily on three babysitters to help her take care of the children when she is not home. Additionally, the record indicates that Mrs. Kush has left the children alone on a number of occasions, though she tries to avoid this as much as possible.

■■ The fact that Mrs. Kush must leave the children when she works or attends school does not, alone, require a court to award custody to the father as a matter of law. It can be a factor in the determination, but it must be considered along with all other factors. Mr. Kush cites *Applegate*

*v. Applegate* (1980), 80 Ill. App. 3d 81, 399 N.E.2d 330, to support his argument that insufficient time to devote to the care of the children and the constant shuffling of the children between home and the baby-sitters justifies an award of custody to Mr. Kush. In *Applegate*, however, the children were victims of abuse from the mother's boyfriend and one of his sons, and the mother could not or would not act to prevent this abuse. *Applegate*, therefore, is clearly not analogous to the facts in the instant case.

■■■ Mr. Kush also complains that the trial court abused its discretion when it ignored the children's preferences to live with him. In fact, Mr. Kush testified that the children want to live with him. The children themselves were not called as witnesses. In any event, the preferences of young children, though entitled to consideration, are not binding upon the court. (*In re Marriage of Lovejoy* (1980), 84 Ill. App. 3d 53, 55-56, 404 N.E.2d 1092.) We find no abuse of discretion in the trial court's determination of custody.

■■ The defendant also complains the trial court abused its discretion when it refused to grant his petition for partition of the marital home and awarded the home to Mrs. Kush. Mr. Kush relies upon *Heldt v. Heldt* (1963), 29 Ill. 2d 61, 193 N.E.2d 7, and *Kealey v. Kealey* (1979), 77 Ill. App. 3d 962, 397 N.E.2d 5, to support his claim to an absolute right to partition of the marital home. *Heldt*, however, was decided prior to enactment of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1979, ch. 40, par. 101 *et seq.*). Under the new act, partition of property owned jointly by a husband and wife is no longer an absolute right. Section 514 of the new act permits a court to entertain a petition for partition, but any rights to partition must yield to the court's disposition of marital property. (Ill. Ann. Stat., ch. 40, par. 514, Historical and Practice Notes, at 797 (Smith-Hurd 1980); *In re Marriage of Woolsey* (1980), 85 Ill. App. 3d 636, 638, 406 N.E.2d 1142.) *Kealey*, though decided subsequent to enactment of the Marriage and Dissolution of Marriage Act, held it was bound by *Heldt. Kealey* is contrary to the language and history of the new act and should not be followed.

In the case at bar, the trial court properly considered several factors in its disposition of the home, including the desirability of awarding the home to the spouse having custody of the children. (See Ill. Rev. Stat. 1979, ch. 40, par. 503.) The trial court's decision is amply supported by the record, and we find no abuse of discretion.

The judgment of the trial court is affirmed.

Affirmed.

BARRY, P. J., and HEIPLE, J., concur.